RANDALL *v.* NATIONAL ICE CO. OF NEW YORK.

*(Supreme Court, General Term, Third Department.  July 2, 1892.)*

1. CONTRACTS—MODIFICATION—SALE OF ICE—ASCERTAINMENT OF QUANTITY.
   A written contract for the sale of ice stipulated that the weights of the railroad company should be taken to ascertain the quantity delivered. The company refused to weigh it, whereupon it was agreed that the weight should be approximated by counting the number of cakes, and weighing a few of them. *Held*, that the quantity delivered should be found by such approximation, and not from the weight for which freight was charged, which the company based on an assumption as to the capacity of its cars.

2. SALE—LIABILITY FOR EXCESS OVER AMOUNT BOUGHT.
   A purchaser of a stipulated quantity of ice is liable for ice knowingly received in excess of the amount called for, and, in the absence of an agreement to the contrary, at the price fixed in the contract.

Appeal from circuit court, Clinton county.

Action by Loretta H. Randall against the National Ice Company of New York. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before MAYHAM, P. J., and HERRICK, J.

*Beckwith & Wheeler*, (George H. Beckwith, of counsel,) for appellant. *Pratt & Logan*, (Lewis W. Pratt, of counsel,) for respondent.

MAYHAM, P. J. The complaint alleges that the defendant is a corporation, and that the plaintiff sold and delivered to the defendant 1,476 tons of ice, for which the defendant agreed to pay plaintiff $3 per ton, and that there was due plaintiff therefor the sum of $2,500. The answer admits that the defendant is a corporation, but denies that plaintiff sold defendant ice, and that the defendant is indebted to plaintiff therefor. The answer further alleges that the defendant contracted with one W. C. Randall, and in substance alleges that the plaintiff is not the real party in interest. The reply of the plaintiff alleges that the defendant purchased the ice in question of W. C. Randall, as agent for the plaintiff, and denies that the plaintiff is not the real party in interest. The plaintiff proved that W. C. Randall was her agent, and that she carried on the business of harvesting and selling ice in the winter of 1890, and that as such agent he received from the defendant an order, of which the following is a copy:

"NEW YORK, February 6, 1890.

"Bought of Mr. W. C. Randall, agent, about 800 or 900 tons of ice, delivered at Weehawken, N. J., in lots of 10 to 15 cars per day, at the rate of $3.00 per ton, R. R. wt., Rouse's Point. Said ice to be shipped daily, com-

mencing Monday, February 10th, 1890.   Payment for same when barge load is delivered.          NATIONAL ICE COMPANY OF NEW YORK.

"Per W. N. BAVIER, Gen'l Manager.

"To be good, merchantable ice, not less than 10.          W. N. B."

At the same date, the plaintiff, by her agent, executed and delivered to the defendant a paper, of which the following is a copy:

"NEW YORK, February 6, 1890.

"Sold to National Ice Company about 800 or 900 tons of ice, delivered in cars at Weehawken, N. J., in lots of 10 to 15 cars per day, at the rate of $3.00 per ton, R. R. wt., Rouse's Point. Said ice to be shipped daily, commencing Monday, February 10, 1890.   Payment for same when barge load is delivered.   To be good, merchantable ice, not less than ten inches.

. "W. C. RANDALL, Agent.

"*Plattsburgh, N. Y.*"

Soon after making the above memorandum, the plaintiff commenced to ship ice to the defendant, and claims to have shipped 1,314 tons 497 pounds of ice.   The ice was not weighed by the railroad company; that company refusing to weigh the same, but, for the purposes of fixing freight charges, rendering its waybills at the rate of 30,000 pounds per car for 66 cars, amounting to 990 tons of ice, making a difference of 324 tons, which is the subject of this controversy.   The plaintiff insists that, after the railroad would not weigh the ice, she obtained consent of the defendant to fix the amount of the ice to be delivered by weighing a few cakes of ice, so as to ascertain approximately the average weight, and then, by keeping an accurate account of the number of cakes, fix the total weight of all ice delivered; and she claims to have done this, and thus to have ascertained the quantity of ice delivered. The contention of the defendant is that the waybills of the railroad furnish the railroad weight as contemplated by the memorandums of agreement between the parties, and that such written contract must control.

There is sufficient evidence to establish that the quantity of ice charged for by the plaintiff was delivered, if we adopt her method of fixing the amount; and if we adopt the defendant's theory, then the railroad weight attainable is that furnished by the railroad waybills used for fixing the freight charges.   The first contract between these parties was in writing, and would bind the parties, both as to the manner of weighing this ice and as to the amount to be delivered under it, unless subsequently modified by the parties, and as modified acted upon by them or one of them, relying upon such modification.   It is quite true that parties may insert any provision they please, provided they violate no principle of law.   *Allen* v. *Insurance Co.*, 123 N. Y. 13, 25 N. E. Rep. 309.   But it is also true, as said by the learned judge in his charge to the jury in this case, that a written contract which imposes conditions upon one party or the other may be modified by parol, and, if such modification is acted upon by both parties, the party who has induced the other to act in pursuance of the modification cannot afterwards deny that the change in the contract was properly made.   If, therefore, the defendant agreed, when it was ascertained that the railroad company would not weigh the ice, that the plaintiff might weigh some cakes, and average the weight, and thus determine the quantity, and the plaintiff adopted that method, and acted upon it, to the knowledge of the defendant, and the defendant received the ice under it, the defendant would be now estopped from refusing to pay for the ice, or from fixing any other method of determining the quantity. Whether such a modification of the contract was or was not in fact made and acted upon by the parties was, we think, a question of fact, which was properly submitted to the jury by the trial judge.

The defendant also insists that the maximum amount of ice called for by the contract was 900 tons, and that they are not liable for the excess.   But

they have received the whole amount of ice sent, and have paid the freight, and charged it to the plaintiff, for 990 tons; thus conceding a receipt of 90 tons more than called for by the written contract. Having received this ice in excess of the amount called for by the contract, the law would hold the defendant liable to pay for the same, and, in the absence of any agreement to the contrary, at the price stipulated in the contract. The question of the modification of the contract, and of the amount of ice received under the same, were, under proper instruction from the trial judge, submitted to the jury as questions of fact, and the verdict of the jury is sustained by the evidence. On the whole case, we see no error committed by the court, for which this judgment can be reversed. Judgment affirmed, with costs.