[No. 19324. Department One.—September 1, 1894.]

J. F. ADAMS, RESPONDENT, *v.* DAVID BURBANK, APPELLANT.

APPEAL—REVIEW OF CONFLICTING EVIDENCE.—Where there is a substantial conflict in the testimony as to disputed facts, the appellate court is authorized to assume as proved the facts found, which there is substantial evidence to uphold.

BUILDING CONTRACT—PREVENTION OF PERFORMANCE—QUANTUM MERUIT —RESCISSION.—Where a building contractor has proceeded to construct the building of the material and in the manner substantially as provided for in the contract, save as changed by orders of the superintendent of the owner, and the owner, before completion of the contract, without cause, and in violation of the contract, took possession of the building, ousted the contractor therefrom, and refused to permit him to complete the building according to the contract, and appropriated to his own use the material on hand and provided to be used for its construction, the contractor is entitled to treat such contract as rescinded, and to recover the reasonable value of the work performed and materials furnished at the request of the defendant.

ID.—EVIDENCE—CONTRACT AS PROOF OF VALUE.—The building contract is admissible in evidence as proof of the value of the material furnished and services rendered, but is by no means conclusive on that point, and is to be taken with the other evidence in arriving at such value.

ID.—LIABILITY OF OWNER AS CONTRACTOR.—The owner is not personally liable for the debts of the contractor as such to persons furnishing materials to him, and is not under obligation to the plaintiff to pay his debts to the materialmen.

ID.—ORDERS FROM CONTRACTOR FOR PAYMENT OF MATERIALMEN—OFFSET OF LIENS—COSTS AND EXPENSES.—Where the contractor has given orders to the owner of the building in favor of materialmen, who afterwards filed liens upon the property, and the owner, at the date of the orders, was indebted to the contractor in excess of that amount, the liens should be offset in a suit by the contractor against the owner, only for the amount due at the date of the orders, and not the costs and expenses of the liens.

ID.—ASSIGNMENT OF DEMAND PRO TANTO—REFUSAL OF OWNER.—The orders given by the contractor operated as an assignment by the contractor of his demand *pro tanto*, and if the owner refused to pay the

orders he should not be permitted to recover from the contractor the costs and expenses incurred by reason of his refusal.

ID.—MECHANICS' LIEN—HAULING OF BRICK.—One who did not perform labor upon the building, or furnish materials therefor, but was merely employed by the brick-men to haul brick for them, and who had no contract with the contractor, who owed him no liability, is not entitled to a lien upon the building for his labor.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*J. Brousseau,* and *Brousseau & Thomas,* for Appellant.

*J. L. Murphy,* and *Louis Gottschalk,* for Respondent.

SEARLS, C.—This action was brought by J. F. Adams, the respondent, to recover from appellant the sum of four thousand seven hundred and forty-four dollars and sixty-four cents, with interest and costs, for work, labor, and services performed and materials furnished in the construction of a brick building in the city of Los Angeles.

It is conceded by the pleadings that on the first day of June, 1891, plaintiff and defendant entered into a written agreement, by the terms of which the former was to furnish the material, labor, and work, as specified in certain specifications and shown by the plans, for a brick building to be erected for defendant on Broadway and First streets, in the city of Los Angeles, for which plaintiff was to receive nine dollars and seventy-five cents per thousand, as per wall measure of twenty-one bricks to the foot, etc., to be paid by defendant at the rate of seventy-five per cent, as the work progressed; the estimates of the superintendent to be taken for the value of the work done, and his certificate to be given therefor. The residue to be paid upon the completion and acceptance of the work, and upon the plaintiff furnishing releases from all materialmen, or receipts for

all material used, and for all labor performed to the satisfaction of defendant.

The specifications are made a part of the contract, which was filed with the recorder of the county.

Plaintiff entered upon the construction of the building, furnished the materials, laid the foundation, built the first story and a small portion of the second story of said building, when, some time in July, 1891, he ceased work upon the same, leaving certain materials, such as brick, mortar, tools, and appliances for the work, and defendant finished the construction, using the material on hand, etc.

At the time plaintiff ceased work there was due from him for materials furnished by sundry parties, as follows:

To the Inglewood Brick Company, for brick...$401 50
To H. S. Hudspeth, for sand................. 37 00

Plaintiff, a few days after ceasing work on the building, gave orders for these claims upon the defendant, which he refused to pay, and they thereafter filed liens on the property for the several amounts due them, and prior to the trial of this action suits had been brought to foreclose said liens. Prior to the trial the action to foreclose the Hudspeth lien was dismissed.

There was also a further lien filed upon the property to secure the sum of thirty dollars and forty-five cents due James L. Tucker for hauling brick for the Inglewood Brick Company to the building, but for which plaintiff was not personally liable, said brick company having contracted with him to deliver the brick, and the amount of Tucker's bill was included in the four hundred and one dollars and fifty cents due said company, and in the order given them on defendant.

The foregoing facts are either admitted or proven without material conflict.

As to the disputed facts, concerning which there was a substantial conflict in the testimony, it may be said that in support of the verdict in favor of plaintiff we are

authorized to assume as proven the facts which there is substantial evidence to uphold.

Upon this theory it must be said:

1. Plaintiff was proceeding to construct the building of the material and in the manner substantially as provided for in the contract, save as changed by orders of defendant's superintendent.

2. That without cause, and in violation of the contract, defendant took possession of the building, ousted the plaintiff therefrom, and refused to permit him to complete the same in consonance with the contract, and appropriated to his own use the material on hand and provided to be used therein or in the construction thereof.

3. The labor performed by plaintiff and the material furnished by him, estimated at a fair valuation, are in excess of the verdict found in his favor.

4. Defendant agreed to pay the orders drawn upon him by plaintiff in favor of the brick company and of Hudspeth, and there was at that time in his hands and due plaintiff a sum of money greatly in excess of the sum of four hundred and thirty-eight dollars and fifty cents, called for by said orders, and that he refused to pay the same or any part thereof.

The complaint contained three counts. The first upon the contract; the second upon a *quantum meruit* for services and for the materials furnished, and the third for the value of materials left upon the premises and converted by the defendant.

The court at the trial ruled the plaintiff to an election as between the first and second counts, and he elected to go to trial upon the second and third counts.

The theory of plaintiff was, that defendant having violated the contract, and prevented his completion of the work, he was entitled to treat such contract as rescinded, and to recover as for work performed and materials furnished, at the request of defendant, the reasonable value thereof.

This theory is correct; and, while the contract was offered in evidence, and was admissible as proof of the value of material furnished and services rendered, it was by no means conclusive on that point, and was to be taken with the other evidence in arriving at such values.

The instructions asked by defendant and refused by the court, numbered from one to twelve, both inclusive, were properly refused.

They, one and all, involved in different forms the theory that plaintiff was bound by the contract price agreed upon for the work, or that the payments therefor were only due and payable in the manner and upon the terms provided by such contract, or that plaintiff could not recover if he had permitted liens to be filed upon the property on account of materials purchased by him and for which he was liable, and had not paid the same as provided in the contract.

Had the contract been adhered to, and the work completed under it, the result sought by these instructions would have followed, but if defendant violated it, and refused to allow plaintiff to consummate the work, he could not hold plaintiff to its terms and at the same time refuse to perform his own obligations under the same agreement.

The court properly instructed the jury, at the request of defendant, that he, the said defendant, was not personally liable for the debts of the plaintiff, as contractor, to persons furnishing materials to him, and was not under obligation to the plaintiff to pay his debts to the materialmen, etc.

The court further instructed the jury, in substance, that they should offset the liens to the amount of four hundred and thirty-eight dollars, but not the costs and expenses thereof, provided plaintiff had given orders therefor, and that the defendant was indebted to plaintiff at the time in a sum in excess thereof.

This was correct. If the money was due to the plaintiff from defendant, the orders given to the parties

who later became lienholders operated as an assignment by plaintiff of his demand, *pro tanto,* and if defendant refused to pay the orders he should not be permitted to recover from plaintiff the costs and expenses incurred by reason of his refusal.

It is not perceived that Tucker was entitled to a lien. He did not perform labor upon the building or furnish materials therefor, but was employed by the brick-men to haul brick for them, and had no connection with the contractor, who owed him no liability. His position is not different from that of laborers who made the brick. If it, however, be conceded that he was entitled to a lien, as we must presume that under the instructions of the court defendant received a credit of four hundred and thirty-eight dollars, on account of the liens, and as the Hudspeth claim for thirty-seven dollars had been dismissed before trial, and defendant was not, therefore, bound to pay it, he is still a gainer if he pays the Tucker claim of thirty dollars.

The judgment and order appealed from should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.