Points Decided.

(February 5, 1910.)

# R. S. SHAW, Respondent, v. DUNCAN JOHNSTON et al., Appellants.

[107 Pac. 399.]

STREETS—DEDICATION OF TO PUBLIC USE—LANGUAGE USED IN CERTIFI-
CATE—CONSTRUCTION OF—STATUTORY DEDICATION—OWNERSHIP OF
FEE—ADEQUACY OF DEDICATION—REQUIREMENTS OF PUBLIC—SIDE-
WALKS—CONSTRUCTION OF—MATERIALMAN'S LIEN—LIEN ON ABUT-
TING LOTS—CONTRACTOR AGENT OF OWNER—ALLOWANCE OF ATTOR-
NEY'S FEES.

1. Under the provisions of sec. 93 of an act in regard to cities and villages, approved March 4, 1893 (Laws 1893, p. 127), the acknowledgment and recording of the plat therein referred to is equivalent to a deed in fee simple of such portion of the premises platted as is therein set apart for streets or other public uses.

2. *Held*, that the provisions of that section are not applicable to this case, for the reason that the plat of Bryon's addition to the city of Boise was filed in the county recorder's office prior to the enactment of said statute.

3. Sec. 3091, Rev. Codes, was in force at the time said plat was filed, and provides that the owner of land bounded by a road or street is presumed to own to the center of the street, but that the contrary may be shown.

4. Sec. 10 of an act in regard to towns and villages (Laws 1891, p. 163) provides that streets and alleys in all territory which shall be attached to towns, cities and villages or when laid out into lots and blocks, shall be by the owners thereof dedicated to the use of the public.

5. The general rule and presumption is, in the absence of a positive statute, that the public takes simply an easement in the streets.

6. Under the statutes of Idaho as they existed at the time of the filing of said plat, the title to the lots bordering on the streets extended to the center thereof, even though the conveyance of such lots described them merely by their numbers.

7. *Held*, that the public acquired an estate in the streets by said dedication adequate to the accommodation of the people, and an easement will confer that right as effectually as an estate in fee.

8. Under the provisions of said sec. 93, the acknowledgment and filing of a plat of a city or town or an addition thereto is a dedication of the streets and alleys marked thereon, the same as

if such plat contained a certificate in express language dedicating such streets and alleys to the public.

9. Under the provisions of sec. 5112, Rev. Codes, anyone who, at the request of the owner of the lot in an incorporated city or town, grades, fills in or otherwise improves the same or the street in front of or adjoining the same, has a lien upon such lot for the work done or materials furnished.

10. Under the provisions of sec. 5110, Rev. Codes, the contractor who constructs a sidewalk is made the agent of the owner of the abutting lots for the purpose of the provisions of the chapter in said codes providing for mechanics' and materialmen's liens.

11. Under the provisions of sec. 5121, Rev. Codes, the attorney's fees provided for are recoverable although the amount of the claim for which the lien is foreclosed is less than $100.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Fremont Wood, Judge.

Action to foreclose a mechanic's lien. Judgment for plaintiff. *Affirmed.*

Cavanah & Blake, for Appellants.

Before a lien of this kind can be claimed it must be expressly granted by statute, as it is a creature of the statute, and persons claiming the benefit thereof must bring themselves clearly within its provision. (27 Cyc. 18 (cases cited) ; 20 Am. & Eng. Ency. of Law, 2d ed., 269; *Pitschke v. Pope,* 20 Colo. App. 328, 78 Pac. 1077.)

Upon an examination of our statutes it will be observed that there is no provision granting a lien against abutting property for materials furnished in the construction of a sidewalk situated upon a public street without the *request* of the owner of such lot *made to the person* furnishing the material. (Sec. 5112, Rev. Codes.)

In cases of this kind a lien is not allowed against abutting property for labor or material furnished in the construction of a sidewalk or other improvement upon a street. (27 Cyc. 40 (cases cited) ; Boisot on Mechanics' Liens, sec. 110; *Fleming v. Prudential Ins. Co.,* 19 Colo. App. 126, 73 Pac. 752; *Santa Cruz Rock Pavement Co. v. Lyons,* 117 Cal. 212, 59

Am. St. 174, 48 Pac. 1097; *Coenen v. Staub,* 74 Iowa, 32, 7 Am. St. 470, 36 N. W. 877; *Smith v. Kennedy,* 89 Ill. 485; *Seeman v. Schultze,* 100 Ga. 603, 28 S. E. 378; *Knaube v. Kerchner,* 39 Ind. 217; *Bradley Co. v. Gaghan,* 208 Pa. 511, 57 Atl. 985; *Dugan Cut Stone Co. v. Gray,* 43 Mo. App. 671.)

Before a lien can be granted it must appear that the owner has such an interest in the property as the court can order sold. (Sec. 5113, Rev. Codes.)

Under subd. 3, sec. 4901, the plaintiff is only entitled to costs when he recovers the sum of $100. (*Richards v. Scott,* 7 Ida. 726, 65 Pac. 433.) Attorney's fees in cases of this kind are a part of the costs, and unless the plaintiff recovers $100, he is not entitled to any attorney's fees. (Sec. 5121, Rev. Codes.)

S. H. Hays, and Paris Martin, for Respondent.

The general rule and presumption is in the absence of a positive statute that the public takes merely an easement in the streets. (Elliott on Roads and Streets, sec. 149.)

A conveyance of land bounded on a highway conveys with it the fee to the center of a road as part and parcel of the grant (unless such inference shall be expressly excluded), and this rule is applicable where the land conveyed is a lot or a part of a lot in a town or city designated on the plat by its number. (*Cox v. Louisville etc. R. R. Co.,* 48 Ind. 178.)

Under the statutes of Idaho, as they stood at the time of the filing of the plat, the title of the appellant Johnston extended to the middle of the street, and this was true even if the conveyances described the lots merely by their number.

The statute of Arkansas is very similar to our own, and the case most nearly in point is one from that state wherein a lien was held valid upon a sidewalk constructed in the street in front of the premises. (*Leiper v. Minnig,* 74 Ark. 510, 86 S. W. 407; see, also, *Moran v. Chase,* 52 N. Y. 346; *Keeney v. Apgar,* 93 N. Y. 539; see, also, *Dugan Cut Stone Co. v. Gray,* 114 Mo. 498, 35 Am. St. 767, 21 S. W. 854; which overrules the same case in 43 Mo. App. 671, cited by appellant.)

Under the California statute, it has been held that the attorney's fees are not a-part of the costs, but are, under the code, an incident to the foreclosure of the lien, and that such being the case, there can be no recovery for attorney's fees unless the plaintiff succeeds in his foreclosure proceeding. (*McIntyre v. Trautner,* 78 Cal. 449, 21 Pac. 15; *Schallert-Ganahl etc. Co. v. Neal,* 94 Cal. 192, 29 Pac. 622.)

Therefore, the fact that the plaintiff in the lower court recovered less than the sum of $100 is immaterial so far as attorney's fees are concerned. Attorney's fees are a lien upon the property. (*Peckham v. Fox,* 1 Cal. App. 307, 82 Pac. 91.)

SULLIVAN, C. J.—This action was brought to foreclose a materialman's lien upon lots 6 and 7 in block 10 of Bryon's addition to Boise City, which lots are owned by the defendant Johnston, for cement furnished and used by one Gambil, a contractor, in the construction of a sidewalk seventy feet in length by six feet in width, upon Twelfth and Alturas streets, in front of said lots.

It is alleged in the complaint, among other things, that the boundaries of said lots extend to the middle of said streets, and that the said contractor was the agent of the defendant at the time he purchased said cement from the plaintiff. The defendant denied that the boundaries of said lots extended to the middle of the street, and alleged that the true and proper description of said lots 6 and 7 embraces only the exterior lines of said lots as marked on the plat of Bryon's addition, and further denies specifically each and every allegation contained in the complaint.

It appears from the answer that on or about September 12, 1909, the said Gambil, a contractor, entered into an oral agreement with the defendant Johnston for the laying of said cement sidewalk; that in the oral agreement it was stipulated that said contractor should furnish at his own cost all labor and material necessary in the construction and completion of said sidewalk; that the defendant paid in full to the said contractor the sum of seventy-two cents per running foot for

the sidewalk so constructed—the full stipulated price there-for—and that subsequent to the time he paid such contractor, he was for the first time informed that the plaintiff had furnished to said contractor said cement; that Gambil was not at the time the agent or authorized by the defendant to contract with the plaintiff for the purchase of said cement.

Upon the issues thus made the action was tried by the court and findings of fact made and judgment entered against the defendant foreclosing said lien. A motion made for a new trial by the defendant was overruled, and the appeal is from the judgment and the order denying a new trial.

The first error assigned is to the effect that the court erred in its first, second, third, fourth and sixth findings of fact to the effect that the boundary lines of said lots extended to the middle of said streets.

It is disclosed by the record that on the 12th day of January, 1893, a plat of said Bryon's addition was filed in the county recorder's office of Ada county, whereby Twelfth and Alturas streets were dedicated by the owner to the public for street purposes; that they were opened and accepted by the city, and ever since have been used by the public as highways; that the plat of Bryon's addition shows the boundary lines of said lots and also the width and length of Alturas and Twelfth streets; that the appellant purchased said lots on ·November 16, 1903, and that on June 14, 1907, the mayor and common council of Boise City ordered a cement walk to be laid in front of said lots at the expense of the abutting property owner; that the appellant employed Gambil as a contractor to lay said walk and to furnish all material necessary in the construction thereof, for the sum of seventy-two cents per running foot; that after said walk was completed the appellant paid the contractor in full therefor; that the respondent sold to the contractor said cement for the sum of $46.50 and charged the same to him; and that the appellant paid to the plaintiff $4.60 for cement used in a private walk twelve feet in length situated on said lot No. 6.

That part of the certificate of dedication on said plat referring to the streets and alleys is as follows: "And we do

certify that we have this day platted said land; and we do hereby lay out and plat said land as 'Bryon's Addition to Boise City, Idaho,' as shown by this plat covering said described piece or parcel of land; and we do hereby dedicate to the use of the public forever all the streets and alleys as shown upon said plat."

It is contended under said dedication that the title of the appellant to said lots does not extend to the center of said streets, but only to the exterior boundaries of said lots as indicated on said plat; that appellant has only an easement in and right of ingress and egress over said streets; that under said dedication Bryon conveyed the title he had in fee to streets to Boise City to be held for the benefit of the general public, and that this is made clear by the words used in said dedication, as it dedicates said streets to the use of the public "forever." In support of that contention, counsel cites secs. 91, 92 and 93, Sess. Laws 1893, pp. 126 and 127. Said sec. 93 is as follows:—"The acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets or other public use; or as is thereon dedicated to charitable, religious or educational purposes." The act containing that section was approved on March 4, 1893, and went into effect on that day, whereas said plat was filed for record on January 18, 1893, nearly a month and a half before the act containing that section went into effect. But in our view of the matter, that would make no difference.

Some stress is laid upon the following language in said section, to wit: "Such plat is equivalent to a deed in fee simple," etc. Prior to the enactment of that section, plats of towns and plats of additions to cities and towns had been filed in some of the counties of the state containing no express certificate of dedication, and some question was raised in regard to the dedication of the streets and alleys indicated on such plats, and it was the intention of the legislature, by the enactment of said section, to provide by statute that on all plats of towns or additions, where there was no express dedication written upon such plats, the acknowledgment and

recording of such plats was a dedication and should be equivalent to a deed in fee simple of such portion of the premises as was set apart for streets or other public use. It is there declared that the acknowledgment and recording of the plat is equivalent to a deed in fee simple, and the public may use it for the purposes for which it is dedicated just as though they held the fee. While the acknowledgment and recording is equivalent to a deed in fee simple, it is not a deed in fee simple, and does not give the public the same right to sell or dispose of the same that a private party has to land for which he holds the title in fee simple. We do not think it would be contended that if a private owner dedicates a street or a block in a city to public use that the public could convey it to a private party and have the property placed to some other use or purpose than that for which it was originally dedicated.

The provisions of sec. 3091, Rev. Codes, were effective at the time of the filing of said plat, and said section is as follows: "The owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown." And the following provision is found in Laws of 1891, p. 163, to wit: "The streets and alleys in all territory which shall be hereafter attached to towns, cities and villages, or when laid out into lots and blocks, shall be by the owners thereof dedicated to the use of the public." So the provisions of said two sections must control in this case.

In Elliott on Roads and Streets, sec. 149, the author states that the general rule and presumption is, in the absence of a positive statute, that the public takes simply an easement in the streets.

In *Cox v. Louisville etc. R. R. Co.*, 48 Ind. 178, the rule is stated as follows:

"It may be laid down that the established inference of law is, that a conveyance of land bounded on a highway carries with it the fee to the center of a road, as part and parcel of the grant, unless such inference shall be expressly excluded, and that this rule is applicable where the land conveyed is a

lot or part of a lot in a town or city designated on the plat by its number.''

We think the above rule is the one applicable to the case at bar. But it is contended by counsel for appellant that it expressly appears upon the plat that the intention of Bryon was to convey in fee the title to said streets to the city, for the reason that the following language is used in the certificate of dedication, to wit: ''And we do hereby dedicate to the use of the public forever all the streets and alleys as shown on said plat,'' and under the provisions of sec. 3112, Rev. Codes, a fee simple title is presumed to be intended to pass by a grant of real estate unless it appears from the grant that a lesser estate was intended. We cannot concur in that contention. From the language used in the dedication, we do not think it was intended by Bryon to convey the fee simple title to the streets to the public. Under the statutes of Idaho, the title of the appellant extended to the middle of the street. and this was true although the conveyance to Johnston described the lots merely by their numbers. The owner of the lots held the legal title to the center of the street, and the city held, for the benefit of the public, an easement with which the land included in the street was burdened. The public acquired an estate by such dedication adequate to the accommodation of the people, since all that the public can reasonably be held to require in a street is such an estate as will vest the right to the free and unobstructed use thereof, and an easement will confer that right as effectually as an estate in fee. The owner will not be presumed to have granted a greater estate than that which the public use requires, for as the use is the foundation of the public right, it necessarily determines its extent, unless by the clear and unequivocal terms of the grant the contrary appears.

It is next contended that under the provisions of our statute there is no provision granting a lien against abutting property for materials furnished in the construction of a sidewalk situated upon the public street, unless such material is furnished at the request of the owner made to the person fur-

nishing the material. Sec. 5112 of the Rev. Codes is as follows:

"Any person who, at the request of the owner of any lot in any incorporated city or town, grades, fills in, or otherwise improves the same or the street in front of or adjoining the same has a lien upon such lot for his work done or material furnished."

It is contended by counsel under the provisions of said section, that the only instance in which a lien can be claimed is when the owner of the lot requests the materials to be furnished and agrees to pay for them himself, and that as the said cement was not furnished at the request of plaintiff, no lien could attach therefor. In the same chapter of the Revised Codes in which we find said sec. 5112, we also find sec. 5110, which is a part of the mechanic's lien law of the state. That section, so far as it applies to this case, is as follows:

"Every person performing labor upon, or furnishing materials to be used in the construction, alteration or repair of, any mining claim, building, wharf, bridge, ditch, dike, flume, tunnel, fence, machinery, railroad, wagon road, aqueduct to create hydraulic power, or any other structure, or who performs labor in any mine or mining claim, has a lien upon the same for the work or labor done or materials furnished, whether done or furnished at the instance of the owner of the building or other improvement or his agent; and every contractor, subcontractor, architect, builder or any person having charge of any mining claim, or of the construction, alteration or repair, either in whole or in part, of any building or other improvement, as aforesaid, shall be held to be the agent of the owner for the purpose of this chapter."

That section provides that the contractor shall be held to be the agent of the owner for the purposes of the chapter in regard to mechanics' liens. The provisions of that section apply to sec. 5112 as well as to other sections in said act, and makes the contractor the agent of the owner for the purposes of said chapter. As said sec. 5112 provides that the lien for the construction of the sidewalk adjoining the lot shall attach to the lot, and sec. 5110 provides that the contractor is

the agent of the owner, it is clear that the lien attaches to the lot in this case.

It is next contended under the mechanic's lien statutes of this state that attorneys' fees are a part of the costs of the action, and before they can be allowed in an action originally instituted in the district court, the plaintiff must recover not less than $100 as a judgment, and that as plaintiff only recovered in this case a judgment for $46.50, it was error for the trial court to allow the sum of $50 as attorneys' fees. Under the provisions of sec. 5121 of the Rev. Codes, which is a part of the mechanic's lien laws of the state, it is provided that the court shall also allow as a part of the costs, the money for filing and recording the claim, and a reasonable attorney's fee. Under the provisions of that section, the court is required to allow, as a part of the costs, the money for filing and recording the claim, and it is also required to allow, but not as a part of the costs, a reasonable attorney's fee. Under a similar provision contained in sec. 1195 of the California Code, the supreme court of California has held that attorneys' fees are not a part of the costs, but are, under the code, an incident to the foreclosure of the lien and are not costs. (*McIntyre v. Trautner,* 78 Cal. 449, 21 Pac. 15; *Schallert-Ganahl Co. v. Neal,* 94 Cal. 192, 29 Pac. 622.)

Under the provisions of said sec. 5121, the attorneys' fees are not a part of the costs, and therefore the fact that the plaintiff in the lower court recovered less than the sum of $100 is immaterial so far as attorneys' fees are concerned, as attorneys' fees are recoverable even though the amount of the judgment is less than $100. The attorneys' fees are a lien upon the property. (*Peckham v. Fox,* 1 Cal. App. 307, 82 Pac. 91.) In that case it was held that if a plaintiff recover in a suit to foreclose a mechanic's lien, that provision of sec. 1195, providing for an attorney's fee should be construed as entitling plaintiff to such fee as a part of the recovery, and therefore conferred a lien for the attorney's fee as well as for the subject matter of the action.

We therefore conclude that the title of the appellant extends to the middle of the street subject to the easement of

the public; that defendant has a special interest in the sidewalk in front of said lots; that the improvement was made upon his property and that said cement was furnished at the instance and request of his agent; that under those facts, our statutes specifically authorize this lien upon the abutting lots; that the attorney's fees are no part of the costs and that a reasonable attorney's fee is recoverable in this action.

The judgment of the district court is *affirmed,* with costs in favor of the *respondent.*

Stewart, and Ailshie, JJ., concur.