[Civ. No. 767. Third Appellate District.—November 19, 1910.]

JOHN INMAN, Jr., and WALTER E. FOSTER, Respondents, v. L. E. WHITE LUMBER COMPANY, a Corporation, Appellant.

ACTION BY PLAINTIFFS AS INDIVIDUALS—WRITTEN CONTRACT—SALE OF REDWOOD TIES—RECOVERY OF BALANCE DUE—EVIDENCE OF PARTNERSHIP.—In an action by two plaintiffs in their individual capacity to recover a balance due for the sale and delivery of redwood ties to the lumber company defendant, under a written contract with them as individuals, where judgment was recovered according to the terms of such contract, evidence that the money recovered was due to them as copartners cannot avail to overthrow the judgment so rendered.

ID.—EVIDENCE OF SPECIAL PARTNERSHIP—MONEY PARTNER—TITLE OF ONE PARTNER TO TIES—PARTIES.—Where the evidence shows that by agreement between the plaintiffs, one of them was to furnish the supplies for the camp and the money to carry on the business which was to be the source of his profits, and the other plaintiff was to have charge of getting out the ties, which were to be the product of his timber, and that he was to receive the entire profit from the ties themselves, in this view of the matter, the action could have been brought by him alone, but since the written contract was made with both of them, as individuals, it was proper that both should join in the action.

ID.—ABSENCE OF SPECIAL DEMURRER.—If it be conceded that the money partner was improperly joined as coplaintiff, the remedy was by special demurrer and in the absence of such demurrer no possible prejudice could result to defendant by the joinder.

ID.—JUDGMENT A BAR TO FURTHER RELIEF.—The judgment is a bar to any suit that might be brought by either of the plaintiffs for the same cause of action.

ID.—OBJECTION TO EVIDENCE OF PARTNERSHIP NULLIFIED BY ASSIGNMENTS.—The objection on account of the evidence of a partnership claim, if meritorious, is nullified by assignments introduced in evidence, by one of which all the credits standing to their account were transferred with the assent of the defendant to the one who furnished the money, and by another of which such assignee assigned an undivided half interest in all such credits to the coplaintiff individually.

ID.—TIES DELIVERED IN EXCESS OF MAXIMUM STATED IN CONTRACT—ACCEPTANCE—OBLIGATION UNDER CONTRACT.—Though defendant could not be compelled to accept any ties in excess of the maximum stated

in the written contract, yet when an excess was delivered and accepted by the defendant, the court was justified in holding that all of the extra ties were delivered under the contract at the contract price, and that defendant assumed the corresponding obligation to pay for the same at the price stipulated in the contract, in the absence of any agreement to the contrary.

ID.—REASONABLE VALUE OF EXTRA TIES—CONTRACT PRICE AS EVIDENCE. The plaintiffs were at least entitled to receive the reasonable value of the extra ties accepted, and in the absence of any other proof of reasonable value, the contract price is controlling as evidence thereof.

ID.—COMPLAINT ALLEGING ALL DELIVERIES UNDER CONTRACT—ABSENCE OF INJURY.—Though the complaint alleged that all of the ties were delivered under the express contract, even if it should have been more specific as to the ties delivered and accepted beyond the maximum, yet the defendant suffered no injury thereby, since there was no evidence of any difference between the reasonable value and the agreed price for such extra ties.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Campbell, Metson, Drew, Oatman & McKenzie, and McNab & Hirsch, for Appellant.

Robert Duncan, for Respondents.

BURNETT, J.—The action was to recover $2,585, the balance due, for the sale and delivery of redwood ties at fifty cents apiece. The court found, upon sufficient evidence, that "said plaintiffs sold and delivered to said defendant at said defendant's special instance and request 24,473 split and hewn merchantable redwood railroad ties; that said ties were eight feet in length and six inches by eight inches in size; that said ties were delivered to and received and accepted by said defendant at its flume near Rollerville, in the county of Mendocino; that said defendant agreed to pay said plaintiffs fifty cents for each of said ties so delivered; that said defendant became indebted to said plaintiffs in the sum of $12,236.50 on account of said ties so delivered; that said defendant paid to said plaintiffs for and on account of said

ties so delivered the sum of $9,651.50 and no more." The judgment thereupon followed in favor of plaintiffs for the balance due.

The main reliance of appellant seems to be upon the claim that "The evidence fails to show that the plaintiffs Inman and Foster were jointly entitled to recover any sum whatever from defendant, the evidence showing affirmatively that any sum or amount which might be due was due to the firm of Inman ·and Foster, a copartnership." But if we concede the soundness of appellant's statement of the legal proposition involved, it cannot avail to overthrow the judgment. This follows from the consideration that there was evidence that the transaction was not with any partnership, but with plaintiffs in their individual capacity. The testimony of Mr. Foster is to the effect that he was to furnish the supplies for the camps and the money necessary to carry on the business, and this was to be the source of his profit, but that Mr. Inman was to have charge of the getting out of the ties, that they were the products of his own timber, and that Inman was to receive the entire profit from the ties themselves. In this view of the matter the action could have been brought by Inman alone, but since the written contract was made with Inman and Foster as individuals it was at least proper that both should join in the action. It is at least entirely clear that if Foster was improperly joined as a party the remedy was by special demurrer and no possible prejudice has been suffered by defendant. The judgment is certainly a bar to any suit that might be brought by either of the plaintiffs for the same cause of action.

But if the foregoing objection should be considered meritorious, its effect is nullified by the assignments introduced in evidence. On January 3, 1908, a communication was addressed to L. E. White Lumber Company in the following language:

"Dear Sirs: Please transfer all credits standing to the account of Messrs. Inman & Foster to the account of W. E. Foster and oblige,

"Yours truly,
"INMAN & FOSTER.
"Per W. E. FOSTER,
"JOHN INMAN."

Defendant recognized this order as an assignment and acted upon it. Appellant is, therefore, in no position to question it, although as a matter of fact it was made as a mere matter of convenience to enable Mr. Foster to collect the money due for the ties without being subjected to the trouble of finding Mr. Inman.

But, accepting the theory that the claim was transferred to Foster, then any difficulty in this contingency is obviated by the reassignment of Foster to Inman as follows:

"The undersigned W. E. Foster hereby assigns to John Inman, Jr., an undivided half interest in all moneys due to said Foster and Inman, Jr., in that certain contract dated May 23, 1907, between the L. E. White Lumber Co., a corporation, and the said W. E. Foster and John Inman, Jr., for the sale and delivery of certain ties to said L. E. White Lumber Co.                    W. E. FOSTER."

As to this, the contention is made by appellant that as the contract under which the ties were delivered provided for the delivery of from ten to twenty thousand of the kind of ties in question, and as 19,303 had been paid for, this assignment could operate only to transfer a half interest in the balance, to wit, 697 ties. Appellant, however, cannot successfully urge this objection. The court was entirely justified in holding that all the ties were delivered under the contract. Appellant could have declined, of course, to receive any number in excess of 20,000, but after accepting and using them appellant manifestly assumed the corresponding obligation to pay for them. In the case of *Randall* v. *National Ice Co.,* 19 N. Y. Supp. 633, [64 Hun, 636], there was a contract to deliver 800 or 900 tons of ice. The party delivered 1314 tons and sued for the excess over the amount named in the contract. The court said: "Having received this ice in excess of the amount called for by the contract, the law would hold the defendant liable to pay for the same, and, in the absence of any agreement to the contrary, at the price stipulated in the contract." This case was appealed to the court of appeals and the decision affirmed. (138 N. Y. 644, [34 N. E. 513].)

In *Herman* v. *Littlefield,* 109 Cal. 430, [42 Pac. 443], it is held, as stated in the syllabus, that: "When a person performing labor at an agreed price and for a stated time continues

in the same employment after the expiration of the term of
service agreed without a new agreement, the law presumes,
in the absence of proof to the contrary, that the terms of
the original contract are continued; and in an action of as-
sumpsit for work and labor performed after the agreed
period, the original contract is admissible in evidence as show-
ing the terms under which the labor was performed.''

But if this were not so, plaintiffs could at least recover the
reasonable value of the ties in question. No inquiry was
made as to the reasonable value, but the contract itself is
evidence of this and controlling in the absence of all other
evidence. (*Adams* v. *Burbank,* 103 Cal. 646, [37 Pac. 640];
*Herman* v. *Littlefield,* 109 Cal. 430, [42 Pac. 443]; *Donegan*
v. *Houston,* 5 Cal. App. 626, [90 Pac. 1073].)

The only plausible objection to this theory is that it is in-
consistent with the allegations of the complaint. Therein
it is alleged that defendant agreed to pay a definite sum for
the ties. Under such a complaint it is held, though, in the
Donegan case, *supra,* that plaintiff may recover debts due
upon different contracts. It is stated that: ''The plaintiff
may recover in one count under an executed express contract
for grading completed, and also under an implied contract
for extra work, as together constituting the whole indebted-
ness due, and where an account was stated for the whole
indebtedness, the law implies a promise to pay it.'' But even
if the complaint should have been more specific it is clear
that defendant suffered no injury, since there was no evidence
of any difference between the reasonable value and the agreed
price.

The contentions of appellant seem to us destitute of merit,
and the judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on January 12, 1911.