(July 6, 1912.)

D. L. HILL and O. A. SCHNITKER, Respondents, v. TWIN FALLS SALMON RIVER LAND & WATER COMPANY, a Corporation, Appellant.

[125 Pac. 204.]

MECHANIC'S LIEN—RIGHT TO LIEN—AGENT OF OWNER.

(Syllabus by the court.)

1. Under the provisions of sec. 5110, Rev. Codes, every person performing labor upon, or furnishing materials to be used in the construction, alteration or repair of, any mining claim, building, wharf, bridge, ditch, dike, flume, tunnel, fence, machinery, railroad, wagon road, aqueduct to create hydraulic power, or any other structure, or who performs labor in any mine or mining claim, has a lien upon the same for the work or labor done or materials furnished.

-------

2.  Under the provisions of sec. 5110, every contractor, subcontractor, architect, builder or any person having charge of any mining claim, or of the construction, alteration, or repair, either in whole or in part, of any other building or other improvement, shall be held to be the agent of the owner for the purpose of the mechanic's lien law.

3.  Under the mechanic's lien law of the state it was the intent of the legislature to grant an absolute lien direct upon the property to the person who performs labor upon or furnishes materials to be used in the building, structure or other improvement, without reference to whether such person performing such labor or furnishing such material is an original contractor or a subcontractor or a laborer or a materialman.

4.  Where T. F. S. R. L. & W. Co. is engaged in the constructing of a dam for the purpose of creating a reservoir for irrigation purposes, and such company employs H. to haul and transport cement from a railroad station to the place of use, to be used in the construction of said dam by the company, and H. sublets a contract to H. & S. to do such hauling, H. is the agent of the land and water company, the owner and builder of the dam, under the provisions of sec. 5110, Rev. Codes, in relation to mechanics' liens.

5.  Where H. & S. haul and transport cement from a railroad station to the place where T. F. S. R. L. & W. Co. are constructing a dam, and such cement is accepted and used by the company in the construction of said dam, and H. & S. are employed to haul and transport said cement by H., a contractor employed by the company, and upon the delivery of said cement the same is used in the construction of said dam and becomes a part of the improvement and enhances the value of the company's property, H. & S. are entitled, upon complying with the statute, to a lien upon said dam for labor and services rendered by them in hauling and transporting said cement.

APPEAL from the District Court of the Fourth Judicial District for Twin Falls County. Hon. C. O. Stockslager, Judge.

Action to foreclose a mechanic's lien for labor. Judgment for plaintiff. Defendant appeals. *Affirmed.*

S. H. Hays and P. B. Carter, for Appellant.

Under sec. 3446, Rev. Codes, the respondents engaged in the carriage of this material had a lien thereon dependent on

possession. This lien was given them for their protection in the doing of the work in which they were engaged, but by no stretch of imagination are they entitled to another and further lien upon work with which they had no connection. (*Webster v. Real Estate Imp. Co.,* 140 Mass. 526, 6 N. E. 71; *Adams v. Burbank,* 103 Cal. 646, 37 Pac. 640; *Wilson v. Nugent,* 125 Cal. 280, 57 Pac. 1008.)

A party desiring to enforce double payment and enforce a lien upon property of one who did not employ him must bring his case clearly within the terms of the statute. (*Reese v. Bald Mountain Mining Co.,* 133 Cal. 285, 65 Pac. 578.)

Longley & Hazel, for Respondents.

The law does not permit the defendant in a case of this kind to say: We have the property that your labor created and gave us, but we will not compensate you for it, or concede your lien to secure its payment. (*Avery v. Clark,* 87 Cal. 619, 22 Am. St. 272, 25 Pac. 919; *Creer v. Cache Valley Canal Co.,* 4 Ida. 282, 95 Am. St. 63, 38 Pac. 653; *Sleltz v. Armory Co.,* 15 Ida. 558, 99 Pac. 98, 20 L. R. A., N. S., 872.)

Liens have been granted heretofore for work and labor performed in constructing canals and irrigation works. (*Creer v. Cache Valley Canal Co., supra; Bennett v. Twin Falls L. & W. Co.,* 14 Ida. 5, 93 Pac. 789.)

A teamster in transporting materials used in a building or other structure can claim to have performed the labor thereupon under the statute. (*McClain v. Hutton,* 131 Cal. 132, 61 Pac. 273, 63 Pac. 182; *Hill v. Newman,* 38 Pa. 151, 80 Am. Dec. 473; *Kehoe v. Hansen,* 8 S. D. 198, 59 Am. St. 759, 65 N. W. 1075; *Robertson v. Moore,* 10 Ida. 115, 77 Pac. 219.)

STEWART, C. J.—This is an action brought for the purpose of foreclosing a mechanic's lien upon the dam, works of irrigation and lands necessarily used in connection therewith, and known as the Salmon River Dam, situated in Twin Falls county, Idaho. While the respondents are joined as plaintiffs in said action, the action is individual and the parties are joined under the provision of sec. 5121, Rev. Codes, which

provides: "Any number of persons claiming liens against the same property may join in the same action. . . . . " In considering the case the plaintiffs will be recognized as separate in their respective rights.

The material facts in the case are stipulated, although there is some oral evidence, but there is no substantial conflict upon any fact which is controlling in determining the rights of the respective parties to the action. The only question to be determined upon this appeal is, whether under the facts of the case as shown by the record, the respondents are entitled to a lien upon the property against which the lien is sought to be foreclosed.

The cause was tried to the court and findings of fact made and judgment rendered sustaining respondents' claims of lien and ordering foreclosure thereof. A motion for a new trial was made and overruled, and this appeal is from the judgment and from the order overruling the motion for a new trial.

The facts as shown by the evidence and found by the trial court are as follows: The defendant, the Twin Falls Salmon River Land & Water Company, is the owner of the Salmon River Dam and the land upon which the same is situated, together with certain abutting land necessary for its use. A contract was made between the Twin Falls Salmon River Land & Water Company and one J. T. Hughes by which the company employed said Hughes to haul cement for use in said dam from the railroad station at Rogerson to a point close to the dam, a distance of about seven miles, with the intention of using said cement in the construction of a dam, and such cement was thereafter so used in the construction of said dam and on the property of the defendant company. Hughes employed the plaintiffs to haul a portion of said cement, agreeing to pay therefor the price of $2.25 per ton, which has not been paid by either the defendant or Hughes. The cement hauled and delivered by the plaintiffs was delivered at a place for storage designated by the defendant, and a large part at the mixer of the defendant and afterward put to use in the dam. In hauling the cement the plaintiffs used their own teams and

loaded and unloaded the same and performed all the work and labor incident to the transportation of said cement from the town of Rogerson to the works of the defendant, and the defendant knew that the plaintiffs were engaged in hauling the cement and used the same and have received the benefit of the work and labor performed by the plaintiffs.

Upon these facts the court concluded as a matter of law that J. T. Hughes, in employing the plaintiffs, was acting as the agent of the defendant company under the mechanic's lien laws of the state, and that the respondents were entitled to a lien upon the dam and adjacent property, particularly describing the same, where the improvements were made.

It is the contention of the appellant on this appeal that under the facts as found by the trial court the respondents are not entitled to a lien upon the dam and property of the defendant; that Hughes, the employer of the respondents, was engaged as a carrier to haul freight from Rogerson to the dam, a distance of seven miles, and in doing so did nothing with the building of the dam and was in no way performing labor upon it, and that he did not furnish any material for its construction, and that the employment of the respondents had no relation whatever except that of carrier. The appellant also contends that whatever right the respondents had in the way of a lien was that conferred by the provisions of sec. 3446 of the Rev. Codes, as follows: "Every person who, while lawfully in possession of an article of personal property, renders any service to the owner thereof, by labor, or skill, employed for the protection, improvement, safekeeping or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due him from the owner, for such service. . . . . " And that the right and privilege to a lien for the labor performed by the respondents depend entirely upon the provisions of this section of the Revised Codes, and that the respondents show no rights accruing to them under the provisions of sec. 5110 of the Rev. Codes.

It is apparent, however, that the respondents entirely surrendered and waived their rights to a lien, if such rights existed, under the provisions of sec. 3446 of the Rev. Codes, by

reason of the fact that when the cement was delivered to the appellant and the possession was surrendered to the appellant, the right to a lien ceased, as the right of lien conferred by this section depends wholly upon the possession of the property. The rights, therefore, of the respondents under the facts in this case depend wholly upon sec. 5110.

Sec. 5110 of the Rev. Codes reads in part as follows:

"Every person performing labor upon, or furnishing materials to be used in the construction, alteration or repair of, any mining claim, building, wharf, bridge, ditch, dike, flume, tunnel, fence, machinery, railroad, wagon road, aqueduct to create hydraulic power, or any other structure, or who performs labor in any mine or mining claim, has a lien upon the same for the work or labor done or materials furnished, whether done or furnished at the instance of the owner of the building or other improvement or his agent; and every contractor, subcontractor, architect, builder or any person having charge of any mining claim, or of the construction, alteration or repair, either in whole or in part, of any building or other improvement, as aforesaid, shall be held to be the agent of the owner for the purpose of this chapter."

Under this statute the legislature evidently intended to grant the right to claim a lien to any person who contributes labor or material for the construction, alteration, or repair of a building or structure upon real property. It will also be observed from the language of this statute that it was clearly the intent of the legislature to grant an absolute lien direct upon the property, to the person who performs labor upon, or furnishes material to be used in a building, structure or other improvement without reference to whether such person performing such labor, or furnishing material, is an original contractor or a subcontractor, or a laborer or a materialman, and without reference to whether there is anything due the original contractor from the person or corporation constructing such building or other improvement. Of course this right is limited by requiring the person claiming the lien to file the claim within the time fixed by the statute, and otherwise complying with the law; and in construing sec. 5110 the distinction

above referred to should not be overlooked, when such statute is compared with the statutes of other states and the construction put upon the statutes of other states by the courts of the respective states.

In construing this statute we should also have in mind sec. 5150, Rev. Codes, which provides: "This title establishes the law of this state, respecting the subject to which it relates, and its provisions and all proceedings under it are to be liberally construed with a view to effect their object."

Guided by this rule of construction, and the express language of sec. 5110, we think the only reasonable and rational conclusion that can be drawn from this statute is, that it was the intent of the legislature to provide a lien for every person who performs labor upon any building or other structure for the work or labor done or furnished at the instance of the owner of the building or his agent. We think it is also provided by this statute that a contractor, such as Hughes is shown to be by the evidence in this case, and as found by the trial court, was the agent of the appellant, the owner and builder of the dam, in employing the respondents in the labor they performed in hauling · the cement from the railroad station to the place of use. (*Valley Lumber Co. v. Nickerson,* 13 Ida. 682, 93 Pac. 24; *Shaw v. Johnston,* 17 Ida. 676, 107 Pac. 399.)

This leaves as the only question for solution, whether the labor and service of the respondents was intended to be used, and was actually so used, in the construction of the dam, and was effectual in the construction thereof, and became a part of the structure, to the extent of changing the shape and character of the structure in order to make it a complete dam. If such service was of such a character, then there can be no question but that the respondents performed labor upon the structure to be completed as a dam. We think there can be no question but that the performance of labor upon irrigation works such as a dam constructed for the purpose of creating a reservoir is subject to a lien. (*Creer v. Cache Valley Canal Co.,* 4 Ida. 280, 95 Am. St. 63, 38 Pac. 653; *Bennett v. Twin Falls Land & Water Co.,* 14 Ida. 5, 93 Pac. 789.)

In the case of *McClain v. Hutton,* 131 Cal. 132, 61 Pac. 273, 63 Pac. 182, the supreme court of California, in discussing a statute of that state which is practically the same as the statute of this state, says: "The claim of Trower was for the hauling of materials used in the construction of the building; and it is objected, on the supposed authority of *Adams v. Burbank,* 103 Cal. 646, 37 Pac. 640, that he was not entitled to a lien for labor of this kind. The case cited, however, has no application. There the claimant 'was employed by the brick-men to haul bricks for them, and he had no connection with the contractor, who owed him no liability. His position was not different from that of the laborers who made the brick.' But the claimant here was directly employed by Waggoner, as the agent of Mrs. Hutton; and his labor was performed on the building in the same sense as that of the men who lifted the brick from the ground to the upper parts of the building. (*Malone v. Big Flat Gravel Min. Co.,* 76 Cal. 578, 18 Pac. 772.)"

In the case of *Wilson v. Nugent,* 125 Cal. 280, 57 Pac. 1008, the supreme court of California also considered this question and held: "The proof did not show that Farnsworth & Ruggles had any lien. They did not perform labor upon or furnish material to be used on the building. Their services consisted of hauling slate to the building and delivering it to the contractor. This did not bring them within the terms of the statute. (*Adams v. Burbank,* 103 Cal. 651, 37 Pac. 640.)"

It will be seen by this opinion that the court seems to base its opinion upon the same principle recognized in *Adams v. Burbank,* 103 Cal. 651, 37 Pac. 640, that a lien did not lie for hauling material to a building to be used in such building, where the services were performed upon contract with or under the direction of a contractor. The reasoning, however, of the court in those two cases has no application under the statute of this state, for the reason that the statute of this state in express terms provides: "And every contractor, subcontractor, architect, builder or any person having charge of any mining claim, or of the construction, alteration or repair, either in whole or in part, of any building or other improve-

ment, as aforesaid, shall be held to be the agent of the owner for the purpose of this chapter." Under the facts of this case Hughes being the contractor, and Hughes having employed the respondents to perform the work, if such work falls within the provision of the statute granting a lien, then Hughes was the agent of the company under the statute; and this is clearly held by the supreme court of California in the case of *McLain v. Hutton, supra.*

In the case of *Kehoe v. Hansen,* 8 S. D. 198, 59 Am. St. 759, 65 N. W. 1075, the supreme court of South Dakota, in discussing this question says:

"Ordinarily, the contractor for the material delivers the same, and includes the expense of hauling in the price of the material. No objection, so far as we are aware, has ever been made to thus including the expense of hauling in the price of the material. If it may be so included, and the lien made to cover the same, why may not the cartman make a separate contract for hauling, and acquire a valid lien therefor? We can discover no valid reason why, if the contract to haul the lumber is made directly by the owner with the cartman, he may not enforce a lien therefor. The hauling of the material, in many instances, constitutes a large item in the expense of the building, especially where the same is built of stone or brick. Labor, therefore, in getting the material together upon the ground, ready for the structure, is fairly within the meaning of our mechanic's lien law of work upon the building— work that enters into, and constitutes labor upon, the building."

In the latter case the court cites with approval a very interesting discussion of this question from the supreme court of Pennsylvania, in *Hill v. Newman,* 38 Pa. 152, 80 Am. Dec. 473, as follows: "The law is that every building may be subjected to a lien for the payment of all debts contracted for work done and material furnished for or about its erection, and this may very fairly be taken to include the work of hauling the materials to the place of building. We think we should have to unduly strain the language in order to exclude it. It is work about the erection of the house, and is, of

course, charged for by the materialman when he has the lumber, stone, brick, sand, or lime delivered by his own carters. The hauling away of the clay dug out of the cellar and foundation is always considered proper work for him; and we know not why the carter may not be a proper man to claim it, if he did the work at the request of the owner or the contractor, and not as a mere hireling under the contractor, or under a subcontractor.''

We think there can be no question but that the rule stated by the supreme courts of South Dakota and Pennsylvania is a correct and just application of the correct rule to apply and a fair construction of the statute of this state, and that the facts shown in this case clearly bring the rights of the respondents within the provisions of this statute. The facts show clearly that Hughes was the agent of the appellant company; that he employed the respondents, as such agent and contractor, to carry and deliver cement to the place of use, and for the purpose of being used in the construction of the dam and improvements constructed by the appellant; that the appellant company knew that the respondents were so employed, and that the respondents were carrying and delivering such cement for the purpose of being used in such constructive work, and that the labor and expense of the services thus rendered by the respondents entered into and became a part of the structure, and enhanced the value of appellant's property, in the same way as the labor of any other person performed directly upon said structure. (*Naylor & Norlin v. Lewiston etc. Ry. Co.*, 14 Ida. 722, 95 Pac. 827.)

In the latter case, in discussing the right to a lien for labor upon tools used in the construction of an improvement, this court said: ''It is argued, however, upon the part of the appellants, that the plaintiffs were not entitled to a lien for $150, the amount claimed for the use of tools and appliances. It would seem that if a person furnishes tools which are used and consumed in the construction of work, such person would be entitled to a lien for the same reason that gives a lien for the use and consumption of material. The use and consumption of tools ought to give the same right as the use and con-

sumption of material. Under the contract, the plaintiffs were to have a reasonable compensation for the use of tools, and the plaintiffs admitted and agreed that the value of the use was $150. The item of $150 was a proper lienable right.

"Included in the claim of lien, also, was compensation for superintending the work. Counsel argue that no lien should be allowed for this labor. The statute, however, clearly contemplates a lien for labor performed in or upon improvements. The labor of a superintendent in the construction of works becomes a part of the improvement to the same extent as the labor of any other individual, and establishes his right to a lien the same as that of any other person who performs labor upon or in said work. (*Thompson v. Wise Boy Min. etc. Co.,* 9 Ida. 363, 74 Pac. 958.) "

So, in the present case the labor and services of the respondents became a part of the construction of the dam to the same extent as the labor of any other individuals and gave the respondents the same right to a lien. The respondents hauled the cement to the place of use for the purpose of use, and it was accepted by the appellant and so used in the construction and as a part of the construction the same as any other material or any other labor contributing to the erection and improvement of said property. It is a well-recognized principle that a materialman who makes a contract for the delivery of material to be used, and which is actually used in the construction of an improvement, may include in a claim of lien not only the value of the material but the cost of delivery to the place of use, and this being the general rule, there can be no reason why, when the labor is done and the material furnished by different persons, each person should not be entitled to a lien.

The facts of this case are clearly distinguishable from that class of cases where the hauling or the labor was performed without reference to the place of use of the material hauled or transferred. As an illustration, the railroad company which hauled the cement from Salt Lake to Rogerson had no knowledge where the cement was to be used or that it was

to be used at a particular place or for a specific purpose.   The cement was delivered by the railroad company at its own station or storage room upon its own property and not to the users of the material.   It follows that it would not be entitled to a lien.   But the respondents knew where the cement was to be used, and their labors were in delivering it for that specific use and at the place and for the purpose for which the services were rendered.   There certainly can be no reason why any class or kind of labor, and it matters not what it is, which is intended to aid and enhance the construction of any particular improvement, and is received and used in such improvement, should not be and is not entitled to a lien upon such improved property under the statute of this state.   The legislature clearly intended as the essential element and purpose of the statute to give to the person who performs labor, or the person who furnishes material which is intended to, and does in fact, enter into the construction and development of  a building or other improvement, as described in the statute, a lien upon the improvement, and convenient ground, for the purpose of securing payment for such labor or material.

The judgment in this case is *affirmed.*   Costs awarded to respondents.

Ailshie and Sullivan, JJ., concur.