[No. 3432. Decided February 20, 1900.]

SEATTLE AND MONTANA RAILROAD COMPANY, *Appellant,*
v. ELLEN T. CORBETT, *Respondent.*

EMINENT DOMAIN—ELEMENTS OF COMPENSATION FOR APPROPRIATION.

Where a railroad company has entered upon and appropriated land for right of way purposes, and has placed improvements thereon, in a subsequent proceeding by the corporation for the condemnation of the premises, it cannot be required to compensate the land owner for the value of such improvements.

Appeal from Superior Court, Snohomish County.—
Hon. FRANK T. REID, Judge. Reversed.

*Burke, Shepard & McGilvra,* for appellant.

*O. P. Mason* and *J. R. Cunnyngham,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—In June, 1891, the Seattle & Montana
Railway Company took possession and constructed its rail-
road over and across respondent's property in Snohomish
county, the amount of the land so appropriated being 8.50
acres.  In May, 1898, the appellant herein succeeded to
the interest of the Seattle & Montana Railway Co., and
in February, 1899, instituted this proceeding in the
superior court of Snohomish county for the purpose of
condemning the premises in question, which, as herein-
before stated, had prior thereto been appropriated by its
predecessor.  The court, having found that the premises
were requisite and necessary for the railroad enterprise,
proceeded, without a jury, to the ascertainment of dam-
ages, and found that the value of the land taken was $170,
and the value of the rails, ties, bolts, fishplates, etc., placed
upon said land by the railway company was $2,500, and
thereupon gave judgment against the company for the sum
of $2,670.  The railroad company appeals, and assigns as
error the inclusion in the judgment of the value of the
rails, ties, bolts, fishplates, etc.

A similar question was presented and passed upon by
this court in *Bellingham Bay & British Columbia R. R.
Co. v. Strand,* 14 Wash. 144 (44 Pac. 140).  In that case
the railroad company had built two small buildings or
cottages upon the premises, which it thereafter sought to
condemn, and their value was separately found by the jury
and included in the judgment.  We reversed the judgment
for that reason.  The question is not controlled by the rule
of the common law, under which structures erected by tort-

feasors become part of the real estate. Unlike tort-feasors at common law, the railroad possessed the power to condemn and acquire title, the condition upon which it might do so being that it should make just compensation; and it would be monstrously unjust to hold that it should be required to pay the value of the improvements which it had placed upon the land prior to its acquisition. The law upon the subject is well settled, and the question does not justify extended discussion. *Justice v. Nesquehoning Valley R. R. Co.,* 87 Pa. St. 28; *Louisville, N. O. & T. R. R. Co. v. Dixon,* 63 Miss. 380 (56 Am. Rep. 809); *Toledo, etc., R. R. Co. v. Dunlap,* 47 Mich. 456 (11 N. W. 271); *Oregon Railway & Navigation Co. v. Mosier,* 14 Ore. 519 (13 Pac. 300, 58 Am. Rep. 321); *Lyon v. Green Bay Minn. Railway Co.,* 42 Wis. 538; *Albion R. R. Co. v. Hesser,* 84 Cal. 435 (24 Pac. 288); *Jacksonville, T. & K. W. Ry. Co. v. Adams,* 28 Fla. 631 (10 South. 467, 14 L. R. A. 533).

The cause must be remanded, with directions to the lower court to modify its judgment by eliminating therefrom the value of the rails, ties, bolts, fishplates, etc. The appellant will recover the costs of this appeal.

DUNBAR, REAVIS and FULLERTON, JJ., concur.