DELANEY FORGE & IRON CO. *v.* THE WINNEBAGO.

1. MARITIME LIENS—SHIPBUILDING—CONTRACTS—LIENS—ENFORCE-MENT.

Contracts for the building of ships, or for furnishing materials for their construction, are not maritime contracts, and liens arising under the State laws out of such contracts are not within the jurisdiction of admiralty courts, but may be enforced in the State courts.

2. SAME — ADMIRALTY JURISDICTION — MICHIGAN WATER-CRAFT LAW.

The Michigan water-craft law (§ 10789, 3 Comp. Laws), creating a lien for materials furnished for the original construction of a vessel, and providing for the enforcement of such lien, does not contravene the provision of the Federal Constitution, by which the judicial power of the United States is extended to all causes of admiralty or maritime jurisdiction.

3. SAME—CONSTRUCTION OF VESSELS—MATERIALS—TIME OF FUR-NISHING.

Materials furnished for the original construction of a vessel, after as well as before she is launched, entitle the furnisher to the lien provided by the statute (§ 10789, 3 Comp. Laws), the materials being furnished before the vessel is entirely completed, enrolled, and licensed.

4. SAME—STATUTES—APPLICATION.

Section 10789, 3 Comp. Laws, providing a lien on a water craft used or intended to be used in navigating the waters of the State, for debts contracted for materials furnished in the construction thereof, etc., is not limited to vessels intended to be used exclusively in navigating the waters of the State, but applies to a craft which is at the time navigating the waters of this as well as other States, and as to which there is no admiralty jurisdiction.

5. SAME—RIGHT TO LIEN—SUBCONTRACTORS.

Where a vessel was constructed under a contract with certain individuals, who were to form a corporation to which the vessel, when completed, was to be transferred, the title to the vessel until delivered to such corporation remained in the builder; and hence one furnishing materials to be used in such construction under contract with the builder was not a

subcontractor, and was not barred from enforcing the lien therefor conferred on the furnisher of materials under contract with the owner by the water-craft law (§ 10789, 3 Comp. Laws).

6. SAME—CHARGING OF MATERIALS.
Where materials were furnished for the construction of a vessel under contract with the builder, a lien attached to the vessel therefor, as provided by section 10789, 3 Comp. Laws, as an incident to the contract, regardless of the fact that the materials were charged to the builder and not to the vessel.

7. SAME—PAYMENT—NOTES.
Where materials were furnished for the construction of a vessel for which the materialman had a statutory lien, the fact that the builder's note for a portion of the amount due on a general account for materials, including the materials in question, was accepted, but was not paid, did not constitute a payment for such materials, precluding the enforcement of the lien.

8. COMMERCE — ENFORCEMENT OF LIEN ON VESSEL — INTERSTATE COMMERCE.
Proceedings for the enforcement of a lien on a vessel for materials used in its construction, conferred by section 10789, 3 Comp. Laws, though commenced after the vessel is enrolled, licensed, and engaged in interstate commerce, are not objectionable, as in contravention of the jurisdiction of Federal courts in admiralty.

Appeal from Wayne; Donovan, J. Submitted April 14, 1905. (Docket No. 77.) Decided December 4, 1905.

Proceedings by the Delaney Forge & Iron Company to enforce a lien under the water-craft law against the steamer Winnebago. The Iroquois Transportation Company, as principal, and the United States Fidelity & Guaranty Company, as surety, gave the statutory bond for the release of the vessel. George W. Edwards and others intervened, claiming a similar lien. From a decree for complainant and interveners, defendants appeal. Affirmed.

*John C. Shaw* and *Herbert K. Oaks* (*Charles B.*

*Warren, William B. Cady,* and *Joseph G. Hamblen, Jr.,* of counsel), for complainants.

*C. E. Kremer* and *Gray & Gray,* for defendants.

McALVAY, J.   The Delaney Forge & Iron Company, of Buffalo, N. Y., brought this proceeding under section 10789, 3 Comp. Laws, against the steamer Winnebago, claiming a lien for materials furnished for use in and about the construction of the said steamer.   George W. Edwards and others are intervening complainants, claiming a similar lien.   The Iroquois Transportation Company, an Indiana corporation, is owner and claimant of the vessel.

This steamer was constructed and built by the Columbia Iron works in their shipyard at St. Clair, Mich., under a contract dated March 8, 1902.   The contract price was $95,000, and the Columbia Iron Works was to furnish all material and labor necessary to completely construct said steamer, and deliver the same at Port Huron, Mich., on or before October 1, 1902.   Of the contract price $31,000 was to be paid in cash from time to time.   This contract was made with John J. Boland and Thomas J. Prindiville, and contained a provision that they, with other stockholders, would organize a corporation to be known as the " Iroquois Transportation Company," which, for the balance of the purchase price, would execute its notes to the amount of $16,000, and issue bonds for $48,000, to be secured by mortgage upon its property.   The corporation was duly organized, and the notes, bonds, and mortgage executed and delivered as agreed.   It was understood that this corporation would ultimately be the owner of the steamer.   Boland and Prindiville assigned the contract to this corporation April 5, 1902.   Under the contract the Columbia Iron Works proceeded with the construction of the steamer.   It was launched March 21, 1903, and after it was in the water the work under contract continued. On July 18, 1903, it was inspected, measured, enrolled, and licensed to be employed in domestic and foreign trade.

Said enrollment and license were issued to Columbia Iron Works, as owner. The same date an agreement was made, giving conditional possession to claimant corporation, the Iroquois Transportation Company:

" For the purpose of completing and finishing up those things still remaining undone upon said steamer, and required to be done by said Iron Works by the terms of the contract for the construction of said steamer; * * * it being the sole intent and purpose of this agreement to enable the Iroquois Transportation Company to obtain immediate possession of this steamer, and without intending either to limit the extent of the obligation of said Columbia Iron Works under the original specifications."

Final cash payment on the contract was made July 19, 1903, when the Columbia Iron Works had received the full contract price in cash, bonds, and mortgage, less $3,500, deducted as penalty provided in the contract for noncompletion of the boat within the time stipulated. On this last date a bill of sale of the steamer was made by the Columbia Iron Works to the Iroquois Transportation Company.

The claims for which liens are here sought by complainant to be enforced are for materials furnished to enter into and be used in the original construction and building of said steamer Winnebago. The materials furnished by complainant were steel forgings supplied, according to the specifications and drawings furnished, between November 24, 1902, and July 16, 1903, as from time to time ordered by the Columbia Iron Works, upon the purchase price of which a balance of $1,999.90 is claimed. The complaint was filed October 6, 1903, in the circuit court for Wayne county. The Iroquois Transportation Company filed a bond, entered an appearance, and answered. The cause was heard, and a judgment rendered in favor of complainant for the full amount and costs against the Iroquois Transportation Company, claimant and owner of said steamer, and the United States Fidelity & Guaranty Company of Baltimore, Md., its surety upon the bond furnished

as provided by statute. Both parties against whom said judgment was rendered have appealed to this court, and by stipulation the cause is heard upon the testimony taken in the circuit court and returned to this court.

The first question to determine is whether the Michigan statute under which this proceeding was brought is in contravention of the Constitution of the United States. If the case is one within the admiralty and maritime jurisdiction, there is no question but that a Federal court would alone have jurisdiction, notwithstanding the fact that the State statute in terms provided a remedy. By the Constitution the judicial powers of the United States extends to all causes of admiralty or maritime jurisdiction. The judiciary act of 1789 [U. S. Rev. Stat. § 563, subd. 8] saves to suitors in all such cases the right of a common-law remedy, where the common law is competent to give it, and declares that with this exception the Federal jurisdiction is exclusive. This, then, would give the Federal courts exclusive jurisdiction as to the enforcement of all liens in respect to maritime contracts or maritime torts. If the lien sought to be enforced arises under a nonmaritime contract, and is created by a State statute, the authorities hold that the State courts have jurisdiction. Contracts for the building of ships, or for furnishing materials for their construction, are held by the Federal courts to be nonmaritime contracts, and therefore not within the jurisdiction of admiralty courts; and liens arising under State laws out of such contracts may be enforced in the State courts. *Johnson* v. *Elevator Co.*, 119 U. S. 388; *Knapp, Stout & Co.* v. *McCaffrey*, 177 U. S. 638; *The Robert W. Parsons*, 191 U. S. 17; *The John B. Ketcham, 2d*, 97 Fed. 872; *People's Ferry Co.* v. *Beers*, 20 How. (U. S.) 393, 401; *Roach* v. *Chapman*, 22 How. (U. S.) 129; *Edwards* v. *Elliott*, 21 Wall. (U. S.) 532. It will be observed that, while the authorities are uniform in holding that the jurisdiction of the Federal courts is exclusive in proceedings in rem arising under maritime contracts, the decisions of the State and Federal courts are just as uni-

form in holding that such proceedings provided for by State statutes, arising under nonmaritime contracts, are within the jurisdiction of the State courts.

We find from proofs in the case at bar that the materials furnished were for the steamer Winnebago, and actually went into the original construction of the same, as contemplated by the original plans and specifications. The Michigan statute, in so far as it creates a lien for materials so furnished, and provides for the enforcement of such lien, does not contravene the Constitution of the United States. All the decisions make a clear distinction between those cases where the lien is for the materials furnished for the building and construction of a vessel, and where the same are furnished for repairs to a vessel.

The record shows that of these materials furnished by complainant all but four items were furnished before the date of the launching, March 21, 1903, and that these four items, one quadrant, three steel valve stems, three steel connecting rod caps, and one tiller, were furnished April 30 and July 16, 1903. These named items, from their description and the evidence, were necessary in the construction of the steamer. As is customary, the vessel was put into the water before its construction was entirely completed, and the work continued at least until July 18, 1903. The items were all furnished before the steamer was completed, and before she was enrolled and licensed, and were properly included in complainant's claim.

The claim is made that the statute applies only to vessels intended to be used *exclusively* in navigating the waters of the State. One provision of section 10789, 3 Comp. Laws, is:

"Every water craft of above five tons burthen, used, or intended to be used, in navigating the waters of this State, shall be subject to a lien thereon: *First*, For all debts contracted by the owner or part owner, master, clerk, agent, or steward of such craft, on account of * * * materials furnished * * * in or about the building of such craft."

The steamer Winnebago was built in the State of Michigan. The materials furnished in this case were furnished in its construction before enrollment and license. The vessel was licensed July 18, 1903, "to carry on the coasting and foreign trade on the northern, northeastern, and northwestern frontier, otherwise than by sea, for one year." From the license itself it appears that the steamer was intended to be used as well in the waters of this State as other States. From the proofs it appears that the steamer was actually engaged in navigating the waters of this State, although also engaged in interstate commerce and trading with Canadian ports, as under the license was permissible. This court has passed upon this question and construed this statute in this regard in *The City of Erie* v. *Canfield*, 27 Mich. 481, in an opinion written by Judge COOLEY, holding:

"The fact that the brig was upon a voyage from a port outside the State seems to me unimportant, except as it may bear upon the question of admiralty jurisdiction. The act referred to was unquestionably intended to give a remedy in all cases coming within its provisions in other particulars, where the vessel was at the time navigating the waters of the State, and where no remedy could be had in admiralty. The act is not confined to the water craft used or intended to be used exclusively in navigating the waters of this State, and the brig in question was in this particular strictly within the terms of the act, and, if there is no admiralty jurisdiction, is within the reason for its enactment, notwithstanding a part of its voyage was upon the waters of another State."

The claim is made that under the statute the complainant, being a subcontractor, cannot recover, for the reason that nothing was due from the owner when notice was given. Under the facts in the case this contention cannot be sustained. Complainant was not a subcontractor. The materials were furnished to the Columbia Iron Works, owner of the steamer Winnebago. This ownership continued until delivery of the vessel to the Iroquois Transportation Company. *The John B. Ketcham, 2d*, 97 Fed. 872.

During the time these materials were furnished by complainant for the steamer Winnebago the Columbia Iron Works was engaged in building several vessels at its yards, and complainant was furnishing a large amount of material for the construction of these vessels; the aggregate value of such materials, in June, 1903, being about $9,000. The items were all charged in the account of the Columbia Iron Works; the entries showing to which vessel each item applied. A separate account was not kept with each vessel. A note of $5,000 was sent to complainant by Columbia Iron Works June 23, 1903. It was received by complainant. Before it became due the Columbia Iron Works made an assignment, and the note was not paid. The claim is made that these materials were not furnished with reference to a statutory lien upon the vessel, but upon the credit of the Columbia Iron Works, and that the $5,000 note was accepted in payment of the claim now sought to be enforced.

The distinction between maritime and nonmaritime liens must not be overlooked in this case. It cannot with accuracy be said that materials, furnished, as in this case, where a statute of a State gives a nonmaritime lien, are furnished upon the credit of the vessel. Such language is only exact where reference is had to a maritime lien. The statutory lien attaches by operation of law, where the materials furnished are within the provisions of the statute. The lien attaches as an incident to the contract, and, unless such lien is waived, the provisions of the statute may be invoked for its enforcement.

It is well settled that the giving of a promissory note is no payment of an indebtedness unless it is agreed that it is so accepted, and the evidence to establish payment must be positive and satisfactory. The facts with reference to the taking of the note in this case do not show any such agreement or understanding between the parties. The acceptance of the note was, therefore, not a payment of the claim. *Gardner* v. *Gorham*, 1 Doug. (Mich.) 507; *Peter* v. *Beverly*, 10 Pet. (U. S.) 568; *Sarmiento* v. *The Catherine C.*, 110 Mich. 120.

The remaining question to consider is whether the proceedings are void and in conflict with the Federal Constitution and statutes because commenced after the vessel was enrolled and licensed, and engaged in interstate commerce; it being claimed that no seizure could be made while so engaged, although within State jurisdiction. It will not be disputed that the Federal courts do not assume jurisdiction in admiralty in disputes arising from nonmaritime contracts, nor will it be disputed that contracts for building ships are not maritime contracts, and cannot be the subject of litigation in admiralty. It is not sought in the case at bar to enforce payment for any material other than that which went into the building of this steamer, nor which was contracted for or furnished after the vessel was enrolled and licensed. The State is not usurping the Federal authority in enacting laws relative to matters entirely without the jurisdiction of the Federal courts, nor will the enforcement of such laws be an interference with the exclusive jurisdiction of such courts over all admiralty and maritime causes. If it is true that because a vessel is enrolled and licensed, and may be engaged in commerce between States, it cannot be reached in proceedings brought to enforce liens lawfully created by the State authority, then the enforcement of rights under such authority is practically denied. The question to be determined in each case is whether the State had the power to make the law under which the proceeding is instituted. If such power existed, vessels of the United States may be subjected to process issued from State courts to enforce a valid lien in proceedings under such law. In this respect the law of the State is valid, and the proceedings taken under it regular.

Our conclusion and judgment, under the evidence submitted upon this hearing, is that complainant recover judgment in the same amount recovered in the court below. The cases of complainant and interveners were submitted together, as the same questions were involved.

Since writing the foregoing opinion a case involving the

same questions under this statute, brought in the Wayne county circuit court to recover for materials furnished in constructing the steamer Winnebago, and removed to the United States court, has been decided in the United States circuit court of appeals for the sixth circuit, to which reference is had as further authority for the conclusions herein expressed. *Iroquois Transportation Co. v. A. Harvey's Sons Manfg. Co.*, 141 Fed. 945.

The judgments of the circuit court are affirmed in these cases against both appellants, with costs of both courts, and this order will be certified to the said court, where judgments will be entered accordingly against such appellants, and against all principals and sureties in any bond or bonds filed by them in said causes, as provided by law.

MOORE, C. J., and MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.