[No. 7567.    Decided March 26, 1909.]

# E. M. CORNELIUS et al., Respondents, v. WASHINGTON STEAM LAUNDRY, Appellant.[1]

MECHANICS' LIENS—NOTICE—VERIFICATION—DEFECTS—AMENDMENT ON APPEAL. That the verification of a lien notice stated the notice to be "true" instead of "just" goes to the form rather than the substance, and is without prejudice and will be considered amended on appeal, where the record fails to show that the defect was pointed out below.

SAME—PLEADINGS—ISSUES—LIEN NOTICE—AMENDMENT—APPEAL— OBJECTIONS. Where the complaint alleges the due execution and filing of a claim for lien, attached to and made a part of the complaint, and the answer does not deny the execution and admits the filing, the perfection of the lien is an admitted fact; since the lien may be amended and all objections to its sufficiency must be raised below at the time it is offered.

SAME—FORECLOSURE—EVIDENCE OF DEBT. In an action to foreclose a mechanics' lien there is sufficient evidence of the debt and that it was due, where the parties had agreed that a certain part of it was due, the balance to be adjusted on final settlement.

SAME—DEFENSES—PAYMENT BY NOTE — EVIDENCE — SUFFICIENCY. In an action to foreclose a mechanics' lien, findings that the debt was not paid by a note are sustained, where there was testimony that the note was only given that the claimants might negotiate it if possible, and was returned by them next day and left on refusal to accept the return, and that it was sent back to claimants by mail the next day, since which both parties disclaim knowledge or possession of it, although there was conflicting evidence.

SAME—DEFENSES—LEASEHOLD—PERSONALTY. In the foreclosure of a mechanics' lien upon a building constructed by the defendant holding a leasehold interest, the defendant cannot raise the question that part of the labor and material furnished is personalty and not subject to a lien; as the lien is subject to the lease, and whatever is done becomes part of the leasehold.

SAME—ITEMS LIENABLE—PROFIT ON LABOR. The judgment on a lien for labor and material furnished in the construction of a building may include a commission of fifteen per cent on the cost, as profit, where the contract provides therefor, and defendants offer no evidence to support their denial of the contract.

SAME—INTEREST. Interest is allowable on a mechanics' lien from the date of filing of the lien notice.

[1]Reported in 100 Pac. 727.

SAME—DECREE—DESCRIPTION OF LIEN—APPEAL—DECISION. That a decree foreclosing a mechanics' lien fails to describe the lien notice is not ground for reversal, where the court had jurisdiction and the rights of third parties are not involved and the whole record discloses that the decree was proper.

SAME—AMOUNT OF LAND—LEASEHOLD—APPEAL—REVIEW. It is not ground for reversal of a decree foreclosing a mechanics' lien on a leasehold that the amount of land to be sold was not described, since the leasehold would probably have to be sold as an entirety, especially where the record discloses no reference to the point in the court below.

SAME—PROCEDURE. Under Bal. Code, § 5917, all proceedings on the foreclosure of a mechanics' lien are to be liberally construed.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered April 10, 1908, upon findings in favor of the plaintiffs, after a trial on the merits, in an action to foreclose a mechanics' lien. Modified.

*O. C. Moore*, for appellant.
*John L. Dirks*, for respondents.

CHADWICK, J.—This action was brought by plaintiffs to recover the value of materials furnished and services rendered in the construction and installation of a laundry plant, operated by defendant in Spokane, Washington. Plaintiffs allege the contract between the parties, the value in money of the services and labor, part payment, a balance due of $1,444.81, and the due execution and filing of a mechanics' lien to secure that amount. They also allege that defendant holds the property sought to be charged, as lessee, under a term beginning October 1, 1907, and continuing for ten years. A copy of the lien notice is attached to the complaint, properly referred to, and made a part thereof. They pray for a foreclosure of the lien, together with the incidents of a recovery in such cases.

Defendant, after admitting its possession under a lease expiring October 1, 1917, denies that it employed plaintiffs to perform labor or furnish materials in the construction or

18—52 WASH.

installation of a laundry plant, that it ever agreed to pay plaintiffs for labor or materials, that they furnished any labor or material, that the value of the labor and materials was as alleged in the complaint, that any sum has ever been paid, and that there is a balance due of $1,444.81. It "admits that the instrument referred to and attached as an exhibit to the complaint was filed in the office of the county auditor." No further reference is made to the lien. As a further defense, defendant alleges that, during the time mentioned in the complaint, plaintiffs performed certain work in the way of plumbing and pipe fitting in the building occupied by it, the exact value of which it cannot state, and that on the 1st day of February, 1908, certain payments having been made on account, it was agreed between the parties that there was a balance due of $1,200, and that defendant should execute a note for that amount, due one year after date, payable to the order of the plaintiffs, and bearing interest at the rate of eight per cent per annum; that in pursuance of the said agreement the note was executed and delivered; whereupon defendant asked that plaintiffs' suit be dismissed. The further defense was denied by plaintiffs. The case coming on for trial, the court found the amount due from defendant to plaintiffs to be $1,420.86, together with $200 attorney's fees, and further adjudged and decreed that the leasehold interest of defendant be sold to satisfy the judgment. From this decree, defendant has appealed.

The assignments of error, twenty in number, may be summarized as follows: (1) That the lien was defective; (2) that the lien was not established; (3) that the debt was not due; (4) that there was no proof of the debt, or that the labor and material entered into the structure; (5) that the lien is barred by the execution of the note; (6) that attorney's fees should not have been allowed; (7) that nonlienable items were included; (8) that a commission was improperly allowed; (9) that interest was improperly included in the judg-

ment; (10) that the decree is not broad enough to warrant a sale of the premises.

(1) The alleged defect in the lien notice is in this, that while the verification says that the lien notice is true, it omits to say that it is just. The defect goes to the form rather than the substance of the lien, and was subject to amendment. There being no offer or request to amend in the court below, we shall assume that the objection was not there pointed out or, if pointed out, the lien was held to be sufficient under the authority of *Johnston v. Harrington*, 5 Wash. 73, 31 Pac. 316, and *Fairhaven Land Co. v. Jordan*, 5 Wash. 729, 32 Pac. 729. If the lien notice were in fact defective, "this court will treat a defective lien notice as it does a defective pleading and consider it as amended in all cases where substantial justice has been done and the defect complained of has not operated to the injury of the complaining party." *Olson v. Snake River Valley R. Co.*, 22 Wash. 139, 60 Pac. 156.

(2) Respondents insist that there was no issue on the question whether or not a lien had been perfected on the appellant's property. Reference to that part of the answer hereinbefore quoted will show that appellant admits the filing of the lien notice, and does not deny that the lien was duly executed. Respondents alleged that, for the purpose of securing and perfecting a lien, they duly executed and filed their claim of lien, and they attached a copy of the lien so executed and filed to their complaint. It thus became a part of the complaint. It has been repeatedly held that all objections going to the sufficiency of the lien notice should be raised at the time it is offered; *Seattle & Montana R. Co. v. Corbett*, 22 Wash. 189, 60 Pac. 127. This upon the theory that, under our liberal lien laws, a lien may be amended, and if no issue is taken or objection made, the court will hold the lien to be sufficient. That this rule puts an unwarranted burden on the defendant, in that the duty of pointing out the way of preparing a proper lien

is imposed upon him, is untenable. The object of a pleading is to ascertain and place before the court the ultimate fact; and in lien cases, by the implied mandate of the statute, a court will not refuse to foreclose a lien that may be amended. The reason of the rule announced in the cases makes it imperative that we hold that the lien as well as its filing should be admitted or denied. It was not denied. It therefore stands an admitted fact, requiring no evidence to sustain it.

(3 and 4)  We are not disposed to go into the question that the debt was not due. The evidence shows conclusively that the parties agreed that at least the sum of $1,200 was due, since which time no payments have been made, and appellant Sonneman admits in his testimony that, if on final settlement more than that amount was found to be due, it would be adjusted. Nor are we prepared to say that the court erred in finding that the amount of labor and material furnished claimed by respondents is not as stated by them.

(5)  Appellant relies principally upon its further and separate answer, that a note was given for the amount due, which was payable in one year, thus rendering this action premature. This question was before the lower court. The testimony with reference to the giving of the note is conflicting. Appellant maintains that it was given absolutely, while respondents insist that it was given in order that the respondents might, if possible, negotiate it for appellant. A few days after it was given, respondents endeavored to return it to appellant's manager Sonneman, and upon his refusal to receive it, it was left on the counter. The next day it was returned by mail to respondents. Both parties now disclaim knowledge or possession of it. There is sufficient testimony to warrant a conclusion in favor of either party. The trial court had the witnesses before him and could observe their manner, judge of their credibility, and weigh the testimony with precision, and his findings in this regard will be sustained. Appellant insists, however, that the court did not make any findings upon this issue. It is true that he

did not make any finding upon this issue, nor did appellant request it. *Bank of California v. Dyer*, 14 Wash. 279, 44 Pac. 534. The judgment rendered is inconsistent with any other theory than that the court found that the note was not accepted as a payment of the amount due.

(6)  This assignment is disposed of by the foregoing discussion.

(7)  It is urged that at least a part of the labor and material furnished by respondents is personalty and not subject to a mechanics' lien. Appellant cannot raise this question. It is holding under a lease, and whatever was done becomes a part of its leasehold estate. *Dobschuetz v. Holliday*, 82 Ill. 371. The purchaser would take *cum onere*. The lien is subject to the conditions of the lease and subordinate to the rights of the lessor. *Rothe v. Bellingrath*, 71 Ala. 55; *Gaskill v. Trainer*, 3 Cal. 334.

(8)  If it was agreed between the parties that respondents should receive a commission of fifteen per cent on the cost of labor and material as their profit—and the lower court has so found, appellant having offered no testimony in support of its denial of the contract—we feel warranted in holding, under the authority of *Powell v. Nolan*, 27 Wash. 318, 67 Pac. 712, 68 Pac. 389, that they are entitled to recover on this item.

(9)  The court allowed interest from the 31st day of December, 1907. It was held in *Huetter v. Redhead*, 31 Wash. 320, 71 Pac. 1016, that interest might properly be allowed from the date of filing the lien notice. Interest should have been allowed from February 7; 1908.

(10)  It is urged that the decree is void because it does not describe the lien or decree its foreclosure. Courts will refer to the whole record when called upon to pass upon the form of a decree of a court having jurisdiction of the parties and the subject-matter, and the rights of third parties are not involved. When so treated, the objection finds no favor. It is also urged that the court should have deter-

mined the amount of land to be sold to satisfy the judgment. It is most likely that a leasehold interest would have to be sold as an entirety. If not, the record does not disclose any reference to this point in the court below, and we therefore presume that the court was satisfied that the whole interest should be included in the decree. Kerr, Mechanics' Liens, § 932.

For the reasons hereinbefore suggested, and in obedience to the direction of the legislature that all proceedings of this nature shall be liberally construed to effect their objects. (Bal. Code, § 5917; P. C. § 6119), we conclude that the errors complained of are not such as would warrant a reversal and re-trial of this case. The judgment and decree is modified in accordance with this opinion. Respondents will recover costs on appeal.

RUDKIN, C. J., MOUNT, DUNBAR, and FULLERTON, JJ., concur.

CROW and GOSE, JJ., took no part.