HARRIET DAVIS, PLAINTIFF-RESPONDENT, v. KATE A. MIAL, OWNER, JAMES A. GORDON, RECEIVER OF SONNTAG COMPANY, A CORPORATION, BUILDER, AND ROBERT D. FOOTE, MORTGAGEE, DEFENDANTS-APPELLANTS.

Submitted December 15, 1913—Decided March 16, 1914.

1. A materialman, who is not the contractor, may maintain a mechanics' lien claim suit against the building and land of the owner when the specifications do not accompany and are not filed with the written contract.
2. An estate in remainder is a legal estate and will support an action under the Mechanics' Lien act.
3. Under our statute a mechanics' lien claim suit may be maintained for the transportation and delivery of materials, as for labor performed, for the erection and construction of a building.

On appeal from the Hudson County Circuit Court.

For the plaintiff-respondent, *Rudolph Schroeder* and *John D. Pierson.*

For the defendants-appellants, *Samuel A. Besson.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was an action in the Hudson County Circuit Court upon a mechanics' lien claim by a materialman who was not the contractor.

*First.* A building and the land whereon it stands are liable to the contractor alone when the contract and specifications accompanying the same are filed in the office of the clerk of the county. *Mechanics' Lien act, Comp. Stat.,* p. 3291, § 2. In this case the contract, but not the specifications, was filed. The plaintiff, therefore, had standing to bring her suit and acquire a special lien against the building and land. Nor was this right at all interfered with by the subsequent filing of an *"addenda"* to the contract which altered the unfiled specifications.

*Second.* It was urged in defence of Mrs. Mial that she did not have such an estate in the lands as would support the judgment. A man named Hankins died seized of the property and by his will devised the remainder to her after another's enjoyment of it for life. The estate of Mrs. Mial was a legal estate. And the lien given by the act extends to legal estates and interests. *Dalrymple* v. *Ramsey,* 45 *N. J. Eq.* 494. By section 16 it is expressly provided that the claim shall contain the name of the owner of the land *or of the estate therein* on which the lien is sought. Mrs. Mial's estate was one in remainder, as remarked. Besides, she had an agreement with the owner of the life estate regarding the property, in which the latter appears to have conveyed that right to her, and under which she, Mrs. Mial, was in possession and exercising acts of ownership. This estate, if it did not merge into the remainder —a question not argued—was a legal estate, and subject to lien under the act. If it merged into the remainder the defendant's estate was one of fee-simple absolute, and, of course, subject to lien. If it did not merge both it and the estate in remainder were subject to lien and sale.

*Third.* The remaining question is as to whether a lien claim suit may be maintained in our state for the transportation and delivery of materials for the erection and construction of a building. In deciding this question in the trial court, Judge Speer, in his opinion, among other things, said:

"After a careful consideration of the text-books, the cases decided elsewhere than in New Jersey, and the arguments of counsel, I have come to the conclusion that a lien should be allowed for the charge of transportation of the materials to be used in the construction of the building.

"Section 1 of the statute, under which this claim falls, provides 'for the payment of any debt contracted and owing to any person for labor performed or materials furnished for the erection and construction' of a building. It is perfectly manifest that this claim is *not* for 'materials furnished for the erection and construction of a building,' and that if sustainable at all it must be 'for *labor* performed *for* the erection and construction of the building.'

"The statute is remedial in its nature and must by its terms receive a liberal construction. It is designed for the protection of a needy and most meritorious class of persons and should receive such construction as will further the benign purposes which the legislature had in view in its passage. Looking first to the language itself employed by the legislature, we observe that the lien will lie 'for labor performed *for* the erection and construction of a building.' The labor need not necessarily enter *into* the erection or construction, it is sufficient if it be for the erection and construction. The construction contended for by defendant would oust the hod-carrier from the protection of the act, for ordinarily, he merely carries the material from the street, where it is mixed, to the scaffold where the masons are employed. It would also exclude the architect, and yet *Mutual Benefit, &c., Co.* v. *Rowand,* 26 *N. J. Eq.* 389, decides that he is entitled to a lien under our statute. When a man furnishes materials he is nominally being paid for the materials, as materials, and not for the labor that went into them, as labor. He charges so much for materials, and, if unpaid, his lien claim is not nominally for labor performed in the erection and construction of the building, but for materials furnished for the erection and construction of the building. Can anyone doubt, however, that, in substance, the lien is being maintained for labor. When the manufacturer fixes his price at so much 'delivered at the building' does anyone doubt that the price includes an allowance for cartage. In the case at bar it is sought to subject the building to a lien for labor performed in the erection and construction of the building because, had the transportation charges been included in the price of the goods, there could have been no doubt of the right to a lien. I am clear that such service constitutes labor performed for the erection and construction of a building.

"This is the view enunciated in 27 *Cyc.* 44, where the following language is used: 'A lien is usually allowed for transportation of the materials to be used in the construction of a building.'

"This is the view supported by the following cases: *McClain* v. *Hutton,* 131 *Cal.* 132; 61 *Pac. Rep.* 213; 63 *Id.* 182, 622;

*Fowler* v. *Pompelli,* 76 *S. W. Rep.* 173; *McKeen* v. *Haseltine,* 46 *Minn.* 426; *Hill* v. *Newman,* 38 *Pa. St.* 151; and many others.

"The only openly antagonistic decision that I have found is *Webster* v. *Real Estate Improvement Co.,* 140 *Mass.* 526. I cannot adopt the reasoning used in that case. It is against the great weight of authority. The reasons upon which it rests would oust a hod-carrier and an architect of a lien.

"No other court has followed it, and there were circumstances which would seem to vindicate the decision upon the ground that the real *ratio decidendi* was that the materials carted were not furnished *for* the building, or not to be used in its erection and construction."

With reference to the point last considered our construction of the statute coincides with that of the learned trial judge in the court below; and, for the reasons given by him, as well as those firstly and secondly hereinabove expressed, the judgment under review in this case should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ.    13.

*For reversal*—None.