[No. 13499.   Department Two.   February 2, 1917.]

SILER MILL COMPANY *et al., Respondents,* v. THE CHARLES NELSON COMPANY, *Appellants,* ANDREW PETERSON, *Defendant.*[1]

MECHANICS' LIENS — CONSTRUCTION OF VESSEL — JURISDICTION — STATE OR FEDERAL.   An action to foreclose mechanics' liens for the construction of a vessel, seeking personal judgment against the contractor and a receivership, is not strictly an action *in rem* but only *quasi in rem,* and may be maintained in a state court against a foreign owner.

SAME—MARITIME CONTRACTS.   A contract to build a vessel not being a maritime contract, the foreclosure of liens therefor under Rem. Code, § 1182, is not within the jurisdiction of admiralty, and is properly brought against a foreign owner in a state court.

SAME—CARTAGE—WAIVER—DELIVERY.   A claim by a common carrier for a lien against a vessel for the cartage of materials is not waived by delivery, as in the case of a possessory lien.

SAME—CARTAGE—CLAIMS BY COMMON CARRIER.   A common carrier may claim a lien for the cartage of lumber furnished for the construction of a vessel bought f. o. b. mill wharves, and hauled to the place of construction at the request of the contractor.

SAME—CONSTRUCTION OF VESSEL — NOTICE TO OWNER — STATUTE— AMENDMENT.   Rem. & Bal. Code, § 1133, requiring notice of the furnishing of materials for certain enumerated structures to be given

[1]Reported in 162 Pac. 590.

to the owner, having been amended by 3 Rem. & Bal. Code,' § 1133, by omitting therefrom the words "steamer, vessel, boat," it was the intention to dispense with the necessity of notice to owners of boats, and the same would therefore not come within the general terms "or any other building or any other structure," contained in the amending act.

SAME—INTEREST.    Interest is allowable upon an unliquidated claim for a lien against a vessel for the cartage of materials, from the date of filing the complaint, no lien notice being necessary.

Appeal from a judgment of the superior court for Pacific county, Edward H. Wright, J., entered December 11, 1915, upon findings in favor of the plaintiffs, in consolidated actions to foreclose mechanics' liens, tried to the court. Affirmed.

*Robert G. Chambers*, for appellant.

*Welsh & Welsh*, for respondents.

HOLCOMB, J.—In consideration of $52,500, Andrew Peterson, by a written contract, agreed to construct a certain boat for appellant, The Charles Nelson Company. Peterson, during the time the ship was being constructed, contracted indebtedness to respondents Siler Mill Company and Quinault Lumber Company for materials furnished; also to defendants Willapa Construction Company and Sheppard & Dennis for hauling such materials to the ship yard. Peterson never fulfilled the terms of his contract and, at the time of his default, The Charles Nelson Company had paid him the sum of $34,400, as well as various sums to laborers and materialmen, which in the aggregate exceeded the contract price of $52,500. The various respondents then commenced separate actions, by virtue of Rem. Code, § 1182, to foreclose their respective alleged liens against the vessel, which actions were subsequently consolidated. From a decree foreclosing these liens, The Charles Nelson Company has appealed to this court.

By the terms of the contract, it fairly appears that title to the boat during its construction vested in appellant, The Charles Nelson Company, which was a foreign corporation;

and appellant contends that a lien by virtue of a state statute cannot be enforced in an action *in rem* in a state court against a boat owned by a foreign corporation, urgently insisting that the proper course for respondents to have pursued was to bring a personal action against the owners of the vessel, and to attach the vessel or any other property of the owner, as security for any judgment that might be obtained. This argument proceeds upon the assumption that the present action is *in rem* and not *in personam*.

The pleadings disclose that both Peterson and The Charles Nelson Company were made parties defendant, that a personal judgment as against Peterson was prayed for, as well as the foreclosure of the lien. Respondents also asked for appointment of a receiver to take charge of the ship, and a temporary restraining order to prevent The Charles Nelson Company from removing the boat from the jurisdiction of the court. It is apparent, therefore, that this is not strictly an action *in rem*, but is one frequently spoken of as *quasi in rem*, because it seeks only to subject certain property of the debtors to the discharge of the claims asserted. *Gassert v. Strong*, 38 Mont. 18, 98 Pac. 497.

But in any event, appellant's contention that the present action cannot be enforced in a state court by virtue of a state statute creating a lien, cannot be sustained, as these materials were furnished to Peterson, who had contracted to build a vessel, which is universally held not to be a maritime contract. *Washington Iron Works Co. v. Jensen*, 3 Wash. 584, 28 Pac. 1019; *Delaney Forge & Iron Co. v. The Winnebago*, 142 Mich. 84, 105 N. W. 527, 113 Am. St. 566; *Johnson v. Chicago & Pac. Elev. Co.*, 119 U. S. 388; *Knapp, Stout & Co. v. McCaffrey*, 177 U. S. 638.

If the contract in question were a maritime contract, appellant's contention would be a meritorious one, as any action cognizable in admiralty, whether *in rem* or *in personam*, is within the exclusive jurisdiction of the admiralty courts. But, as was said in *Knapp, Stout & Co. v. McCaffrey, supra:*

"The rule to be deduced from these cases, so far as they are pertinent to the one under consideration, is this: That wherever any lien is given by a state statute for a cause of action cognizable in admiralty, either *in rem* or *in personam*, proceedings *in rem* to enforce such lien are within the exclusive jurisdiction of the admiralty courts. But the converse of this proposition is equally true, that if a lien upon a vessel be created for a claim over which a court of admiralty has no jurisdiction in any form, such lien may be enforced in the courts of the state. Thus, as the admiralty jurisdiction does not extend to a contract for building a vessel, or to work done or materials furnished in its construction, *The Jefferson, (People's Ferry Co. v. Beers)*, 20 How. 393; *The Capitol, (Roach v. Chapman)*, 22 How. 129, we held in *Edwards v. Elliott*, 21 Wall. 532, that, in respect to such contracts, it was competent for the states to enact such laws as their legislatures might deem just and expedient, and to provide for their enforcement *in rem*."

It is apparent, from the rule laid down in that case, that it is immaterial whether the present action is *in rem* or *in personam*.

Again, in *West v. Martin*, 51 Wash. 85, 97 Pac. 1102, 21 L. R. A. (N. S.) 324, this court, in construing the lien statute in question, said:

"Such liens created by state statutes are enforcible in the state courts when the subject-matter is not within the jurisdiction of admiralty."

*The Roanoke*, 189 U. S. 185, which is strongly relied on by appellants, is not in point, as the materials there were furnished to persons who had contracted to repair a vessel in maritime service, which was clearly a maritime contract, and thus within the exclusive jurisdiction of the admiralty courts.

Nor do we consider the case of *Waddell v. Steamer Daisy*, 2 Wash. Terr. 76, 3 Pac. 616, in point, as the statute construed in that case is not the same as that now in force, Rem. Code, § 1182; and respondents, having furnished materials to the contractor Peterson, are squarely within the terms of the present statute.

It is next urged that the trial court erred in allowing the liens of respondents Willapa Harbor Construction Company and Sheppard & Dennis, which are claims for cartage, on the grounds that these are not lienable items, the materials having been purchased f. o. b. mill wharves; and, secondly, if they were lienable items, they were waived by the claimants thereof by delivery. The rule that a carrier's possessory lien is waived by a common carrier by delivery is only applicable when the lien is sought to be established against the specific article carried and delivered; not where the materials so carried are used in and become a part of the finished structure upon which the lien is sought to be established, as in the instant case.

The other objection, however, presents a more serious problem. So far as we have been able to ascertain, when the person furnishing materials delivers them at the place of construction and includes the cartage expense in price of the materials, no objection has ever been made to including the price of hauling in the expense of materials and thus making the price of hauling a lienable item. This rule was followed in *Brace & Hergert Mill Co. v. Burbank*, 87 Wash. 356, 151 Pac. 803. This being true, we are unable to see why a lien should not be allowed to a carrier where the materials were bought f. o. b. mill wharves, as in this case, and hauled by a common carrier to the place of construction at the request of the contractor; for if it can be included in the first instance in the price of the material and a lien made to cover it, it would seem to follow as a logical conclusion that the carrier could make a separate contract with the contractor for hauling and enforce a lien therefor, the same as for labor entering into the same. In the end it amounts to the same thing, as in one case the cost of cartage is added to the price of the materials, and in the other it is not, but is paid to the carrier under a separate agreement; and no matter under what guise this cost of hauling is considered, if it is lienable under the

statute in one case it is also in the other. This conclusion is amply sustained by the authorities. *Hill v. Newman*, 38 Pa. St. 151, 80 Am. Dec. 473; *Hill v. Twin Falls Salmon River Land & Water Co.*, 22 Idaho 274, 125 Pac. 204; *Kehoe v. Hansen*, 8 S. D. 198, 65 N. W. 1075, 59 Am. St. 759; *Davis v. Mial*, 86 N. J. L. 167, 90 Atl. 315, Ann Cas. 1916E 1028.

We are also urged by appellant to hold the liens invalid because no notice was ever given by any of respondents to appellant, The Charles Nelson Company, that material for which a lien would be claimed was being furnished by them to Peterson to be used in the construction of the vessel. This question involves the consideration of the several statutes on the subject. In 1909, the legislature passed a law, found in Laws 1909, ch. 45, p. 71, Rem. & Bal. Code, § 1133, providing that, before a lien could be claimed by any one

"furnishing material or supplies to be used in the construction, alteration or repair of any mining claim, building, wharf, steamer, vessel, boat, bridge, ditch, dyke, flume, tunnel, well, fence, machinery, railroad, street-railway, wagon road, aqueduct to operate hydraulic power, or any other building or any other structure,"

he must mail a notice thereof to the owner.

This law was amended by Laws 1911, ch. 77, p. 376 (3 Rem. & Bal. Code, § 1133), among other minor details, by omitting therefrom the words "steamer, vessel, boat." By this action on the part of the legislature it seems quite evident, from a comparison of these two statutes, it was the intention that it should no longer be necessary for a person furnishing materials to be used in the construction of a steamer, vessel or "boat" to give notice thereof to the owner in order to enforce his lien.

It is claimed by appellant that the words "or any other building or any other structure," used in Laws 1911, ch. 77, p. 376 (3 Rem. & Bal. Code, § 1133), are sufficiently broad to include vessels in the course of construction on land. We

cannot agree with this construction, in view of the fact that the legislature used the identical phrase "or any other building, or any other structure," in the statute enacted in 1909, wherein they also used the words "steamer," "vessel" and "boat," thus clearly showing that they did not consider that boats and vessels were included *ex vi termini* within the meaning of the words "building" and "structure," for otherwise it would have been an idle act to enumerate boats and buildings and structures in the same statute. The intention of the legislature must control in construing a statute when it is capable of being ascertained.

Finally, it is asserted that the court erred in allowing interest on the several claims from the date of filing the various complaints. Appellant's contention is that, since the claims were unliquidated until the signing of the agreed statement of facts, only interest from that date should have been allowed. While the general rule is that no interest can be allowed in the case of an unliquidated claim, yet, in cases where a lien is concerned, it has been held by this court that interest will be allowed from the date of giving the notice of lien or when the lien is claimed; and since no lien notice was required to be filed in the present case, the lien was undoubtedly claimed by the filing of a complaint, and interest was properly allowed from that date. *Brace & Hergert Mill Co. v. Burbank*, 87 Wash. 356, 151 Pac. 803; *Cornelius v. Washington Steam Laundry*, 52 Wash. 272, 100 Pac. 727.

The decree is affirmed.

MORRIS, MOUNT, FULLERTON, and PARKER, JJ., concur.