[No. 23118. Department One. July 23, 1931.]

M. P. HALLERAN *et al., Appellants,* v. CARL SANDER *et al., Respondents.*[1]

*Shorett, Shorett & Taylor,* for appellants.

*A. O. Burmeister* and *Nelson R. Anderson,* for respondents.

MITCHELL, J.—Halleran Bros., a copartnership, appellants, plaintiffs below, entered into a written contract with the state highway commission for the construction of a certain state highway in Lewis county,

[1]Reported in 1 P. (2d) 847.

the National Surety Company becoming surety on the contractors' bond. The contractors sublet the entire work by separate portions to each of several contractors, among them being respondents Carl Sander, B. & B. Building Material Company, and one Phillips, for which latter the Constitution Indemnity Company became surety. Phillips and his surety have made no appearance in this court.

The construction work was completed and finally accepted by the highway department as fully performed. Laborers employed and materialmen who furnished material at the instance of the subcontractors, and certain subcontractors themselves, filed liens as allowed by statute. Several lien claimants brought suit, whereupon appellant partnership, the original contractors, brought this action against all parties interested to settle all matters of dispute between themselves and the subcontractors, lien claimants, and sureties on the several bonds, in the one action. The state was made a party as the holder of the statutory reserve fund, amounting to $14,194.50. This fund was paid into the registry of the court in this action, and exceeds the total amount awarded by the decree to the several lien claimants, together with interest, attorney's fees and other costs.

The appellants in their complaint admitted liability in stated amounts in favor of the several subcontractors. Carl Sander filed a cross-complaint for the full amount claimed by him, and for interest thereon and an attorney's fee. The B. & B. Building Material Company filed a cross-complaint for the amount claimed by it, in the same amount as that admitted in the plaintiff's complaint, and also for interest and an attorney's fee, and further for special damages on account of the alleged failure of the appellant contractor to make prompt payments according to the terms of

the subcontract. The Constitution Indemnity Company, as assignee of Phillips, claimed an amount in excess of that admitted in the complaint of appellants, and demanded interest and an attorney's fee.

Carl Sander recovered judgment against the contractors and their surety in a very substantial amount, though not greatly in excess of the amount admitted in the plaintiffs' complaint, and also recovered interest on that amount and an attorney's fee. The B. & B. Building Material Company recovered a judgment against the contractors and their surety in a substantial amount, though somewhat less than the amount admitted by the appellants to be due, and also recovered allowance for interest and an attorney's fee, and also for special damages. The Constitution Indemnity Company recovered a judgment against the contractors and their surety in the amount admitted by the appellant contractors to be due, to which an allowance for interest was added, but no attorney's fee.

Halleran Bros. and the surety on their bond, the National Surety Company, have jointly appealed.

The appellants make three assignments of error:

■ Error in allowing attorney's fees to the subcontractors Sander and the B. & B. Building Material Company. There is no claim in this respect that the amounts allowed are excessive, but the claim is that no attorney's fees whatever should be allowed. Rem. Comp. Stat., §§ 1159 and 1161, provide for attorney's fees in case suit is brought against the surety on the contractor's bond. While these respondents did not commence the litigation, their respective cross-complaints for judgments against the surety are equivalent to that course, and are clearly within the meaning of the statute providing for attorney's fees. Counsel for appellants cite the case of *Maryland Casualty Co. v. Washington National Bank*, 92 Wash. 497, 159 Pac.

689. That case is not in point. It was brought by the surety for the benefit of creditors, including lien claimants, to preserve a fund derived from the performance of public work, and to recover from a bank to whom a part of the contract funds derived from the public work had been improperly paid. Upon referring to the matter of the claim of lien creditors for attorney's fees, it was said that the action was not one against the surety within the intendment of the statute allowing attorney's fees.

"True," said the court, "the surety here must respond to them in any judgment in the accounting invoked, but that is a consequence incidental. So far from being sued, the surety has brought an action to preserve their fund, a suit really to help them and with no controversy against them."

In that case, as stated, there was no controversy between the surety and the lien claimants; they were together in a common cause against the bank and the county, for which latter the public work had been performed. In the present case, however, there is and from the commencement has been controversy between the surety company and these respondents concerning, among other things, the amounts due the several claimants, together with interest thereon and attorney's fees. The controversy still continues in this court, to which the case has been taken by the joint appeal of the original contractors and the surety on their bond from judgments in favor of respondents. This assignment is not well taken. Our conclusion thereon is in line with *Maryland Casualty Co. v. Hill*, 100 Wash. 289, 170 Pac. 594, which case also distinguishes the case of *Maryland Casualty Co. v. Washington National Bank*, 92 Wash. 497, 159 Pac. 689.

That the trial court erred in allowing against the appellants interest on the amounts recovered by

the subcontractors. But, without setting out the amounts, dates and details of the items of interest, they are, as we find from the record, within the rule announced in *Maryland Casualty Co. v. Hill*, 100 Wash. 289, 170 Pac. 594:

"We have held that interest is allowable upon claims filed under lien laws from the date of filing the lien notice. *Siler Mill Co. v. Nelson Co.*, 94 Wash. 477, 162 Pac. 590; *Brace & Hergert Mill Co. v. Burbank*, 87 Wash. 356, 151 Pac. 803; *Cornelius v. Washington Steam Laundry*, 52 Wash. 272, 100 Pac. 727; *Huetter v. Redhead*, 31 Wash. 320, 71 Pac. 1016."

That the court erred in failing to decree that the subcontractors are liable to appellants for interest, costs and attorney's fees allowed materialmen and laborers in the foreclosure of their several liens. Appellants admit, as we understand, that, because the state or the highway department in no way consented to or recognized the subcontractors, therefore appellants are primarily responsible to those who labored and furnished material at the instance of the subcontractors in the performance of the work, but that, as between the appellants and the subcontractors, the latter should be charged with interest, costs and attorney's fees allowed such materialmen and laborers, in the judgment.

As to the respondent Sander, the claims for material and labor furnished to him as a subcontractor were not denied by him, but they were put in issue by the appellants, who caused the delay. He alleged in his cross-complaint that he had demanded payment of appellants which they had refused to make, and this was. not denied by the appellants. At the commencement of the trial, counsel for the appellants stipulated in open court the principal amount due Sander, naming it, and added,

"There is reserved for the court's consideration the question as to whether or not he is entitled to interest and, if so, from what date, and the amount of attorney's fees,"

reference being made, of course, to interest and attorney's fees on Sander's own claim, as heretofore discussed herein, and not to any question of accounting between appellants and Sander on account of the appellants' obligation to pay interest, costs and attorney's fees to others who had filed liens.

As to the respondent B. & B. Building Material Company, in its cross-complaint the lien claims were alleged to be charges against the appellants, which allegations were not denied. It further appears that it was agreed between the appellants and the respondent, and the court so found upon a preponderance of the evidence, that the claims for labor and material should be forwarded to a designated place for payment by the appellant contractors; that such statements were prepared and delivered accordingly, but that appellant failed to pay those involved in this action, although such statements or claims are and have at all times been correct; and, further, that this subcontractor admitted the correctness of all such claims before this suit was commenced by the plaintiff. In this latter respect the court found as follows:

"That B. & B. Building Material Co. admitted all of the foregoing claims against it, and did not contest said claims or any part thereof; that the plaintiffs herein denied in their complaint and in their several replies to the cross complaints of said claimants the material allegations of said cross complaints, and put said claimants on their proof by contesting said claims."

At the commencement of the trial, the amount due this respondent was stipulated by the appellants, and in their brief in this court they say "the amount stip-

ulated was the identical amount set up in the complaint,'' although they further say that, for the purposes of the judgment, that was later reduced.

As to Phillips' claim, assigned to the Constitution Indemnity Company, it was stipulated by counsel for appellants at the commencement of the trial that, as to the original claim, only one item was in dispute, it being an industrial insurance payment.

With reference to this assignment of error in connection with all three of the respondents, it is to be observed that, while the trial court made elaborate findings of fact in this case, none whatever was made upon this matter. No request was made by the appellants for any finding in this respect and, indeed, we find nothing in the record to indicate that it was even suggested to the trial court. This assignment of error is, in our opinion, without substantial merit.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, MILLARD, and MAIN, JJ., concur.