This is an interpleader suit. The defendant George W. Krantz entered into a written contract with the complainant, American Homes Company, for the erection of two dwelling houses in Caldwell. Krantz abandoned the work on the houses and the owner, the complainant, completed the same. After deducting the cost of completing the work there remained a balance of $2,600.13 due Krantz the contractor. Numerous stop notices were served upon complainant, and judgments recovered against Krantz and levies made thereunder upon the moneys due him from complainant. Under these circumstances complainant filed its bill of interpleader. *Page 214 
The defendant Joseph Iaria who recovered a judgment November 6th, 1941, in the District Court for $468.71 filed answer in which he denies complainant's right to maintain its bill. The answer admits the filing of the contract and specifications but alleges that the specifications annexed thereto are improper in that the specifications recite that the houses are to be built for "Mr. Walter H. Condict;" that in an additional memoranda annexed to the specifications there appears the following: "This is certainly not intended as being a complete specification — far from it. It is only a series of running memoranda as to what I understand we are agreed on."
It is this defendant's contention that by reason of this recitation in the specifications, the filing of the building contract was a nullity, rendering ineffectual the stop notices filed by the several other defendants; that the time allowed by statute within which to file mechanics' liens having expired, the only claims against the fund are those of the judgment creditors with levies, hence the complainant is without right to maintain interpleader.
The statute R.S. 2:60-115 provides that if a building is erected under a written contract, signed by the owner of the land which is to be charged with a lien, the building and the land on which it stands shall be liable to the lien of the contractor alone, "if the contract or a duplicate thereof, together with the specifications accompanying the contract or a copy or copies thereof, are, before the labor is performed or materials furnished, filed with the proper county clerk. * * * The filing of such contract shall be in lieu of mechanic's notice of intention as provided in section 2:60-112 of this title."
The complainant's uncontradicted proofs on this motion show that the questioned specifications were prepared for the houses mentioned in the building contract and that the houses were erected in accordance therewith; that the specifications are complete and the quoted language in the additional memoranda was inadvertently retained therein.
The object of the statute is to give notice to persons other than the original contractor, who may be about to furnish *Page 215 
material or labor for the construction of the building, that they cannot rely upon a lien for their payment. Earle v. S.A.Willets Co., 56 N.J. Law 334, 336; 29 Atl. Rep. 198. That object was fully complied with.
The specifications in the instant matter are signed by the owner and the defendant contractor and filed in the Essex County clerk's office. No fraud is here claimed, and in the absence of fraud it matters not whether the specifications as filed may lack completeness, once the contract and specifications are properly executed by the contracting parties and filed with the proper county clerk, compliance with the statute is effected.
The answer will be stricken.