SUBURBAN LUMBER COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. VICTOR GERBER, OWNER, AND KARLSTAD BUILDING CO., INC., BUILDER, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided January 2, 1951.

142

Mr. W. Louis Bossle, attorney for plaintiff.

Mr. A. David Epstein, attorney for defendant, Victor Gerber (Messrs. Rose & Epstein, attorneys).

DONGES, J. S. C. The case of *Suburban Lumber Company v. Victor Gerber* has been submitted to this court upon a written stipulation of facts. The determination of the issues presented herein in no way affects the companion case of *Karlstad Building Co., Inc., v. Victor Gerber,* nor the case of *Suburban Lumber Co. v. Karlstad Building Co., Inc.*

The case arose out of a dispute concerning a building contract. The defendant, Victor Gerber, is the owner of the premises in question. On the 12th day of July, 1949, he entered into a building contract with Karlstad Building Co., Inc., whereby certain work was to be performed. Plaintiff supplied large quantities of material to Karlstad to be used in connection with said work. Plaintiff filed its notice of intention and commenced delivering materials on July 15, 1949. Defendant, Gerber, filed the building contract on August 5, 1949. By that time, plaintiff had supplied $927.42 worth of materials.

Plaintiff now seeks to establish a mechanic's lien for the entire amount of materials supplied. It is conceded that if the filing of the contract was effective, plaintiff is entitled to

a lien for but $927.42, but if the filing was not effective, plaintiff is entitled to a lien for the full amount of the materials supplied.  *Smith & Richards Lumber Co., Inc., v. Hurley,* 116 *N. J. L.* 429, 185 *A.* 10 (*E. & A.* 1936); *Davis v. Mial,* 86 *N. J. L.* 167, 90 *A.* 315 (*E. & A.* 1914).

The determination of the issue presented depends upon whether Gerber complied with the provisions of *R. S.* 2:60–115.  It is admitted that the contract in the instant case was filed and that the plans were also filed.  However, plaintiff claims that no specifications were filed as required by the act.  Defendant, on the other hand, argues that the plans incorporate the specifications in conformity with the intention of the parties.  The contract and plans have been submitted to the court for its inspection.  A careful inspection of this document leads this court to the conclusion that the plans and specifications are incorporated into one document.  There are a number of markings on the document which clearly indicate the intention that it shall be a plan and specifications.  There was no architect involved in this case.  While it may not be as complete nor as artful as might be desired, it is certainly sufficient to meet the requirements of the statute.  Nothing contained in our statute indicates that the specifications must be filed as a separate document.  Nor does the act state that the specifications must be complete, before an owner can avail himself of the protection afforded by the statute.  See *American Homes Co. v. Krantz,* 131 *N. J. Eq.* 213, 24 *A.* 2d 518 (*Ch.* 1942).

Accordingly, the plaintiff's lien for materials furnished extends only to the materials furnished prior to the filing of the principal contract.  The amount of said lien is $927.42.